IN THE

# SUPREME COURT

OF

## MINNESOTA.

---

## JULY TERM, 1871.

---

THE MISSISSIPPI RAFTING COMPANY

*vs.*

WILLIAM P. ANKENY, *et al.*

Construction of a contract, the material portions of which appear at length in the opinion.

This is an appeal taken by the defendants from the judgment of the district court for Hennepin county. The only questions decided on the appeal relate to the construction of a contract

VOL. XVIII.—3

upon which the suit is brought, the material portions of which appear in the opinion of the court.

LOCHREN & McNAIR, for Appellants.

CORNELL & BRADLEY, for Respondent.

*By the Court.*—Under the contract set forth in the complaint between the plaintiff and defendants, the plaintiff gathered up, rafted and delivered to the defendants on account of their logs, one million three hundred thousand feet of logs of various marks, and took possession of, or were chargeable under the contract with one million sixty-two thousand seven hundred and ninety-two feet of the defendants' logs embraced in the contract, leaving an excess of two hundred and thirty-seven thousand two hundred and eight feet of plaintiff's logs, gathered up, rafted in warps and wedges, and delivered to the defendants, over and above the amount of defendants' logs which had come to the hands of the plaintiff to be accounted for under the contract.

The court below, in accordance with the plaintiff's claim, charged the defendants, under the contract, with the sum of three dollars per thousand feet for gathering up and rafting such excess, and also charged them the sum of ten dollars per thousand feet for the amount of such excess as delivered to the defendants.

The defendants claim that under the contract they were not chargeable with any other or greater sum for such excess than the sum of ten dollars per thousand feet.

The only question, therefore, presented for our decision is whether under the contract set forth in the complaint the defendants are chargeable with three dollars per thousand, or

any other sum, for *rafting* such excess. We think they are not..

The contract as set forth in the complaint, dated the 18th of August, 1857, is between the plaintiff of the first part, and the defendants of the second part, and : " Witnesseth, that the said party of the [first] part,  *  *  * promises and agrees with said party of the second part to gather and to raft, during the present season of navigation, the logs of said party of the second part, which shall be found in the Mississippi river, between the vicinity of the mouth of the Minnesota river and the foot of Lake Pepin, and which can be driven by water, and which are of the following marks [log marks] ; the said marks being all of the marks of logs which belong to said party of the second part, or in which they have an interest, which have gone over the falls as aforesaid ; and to deliver, during said season, to said party of the second part, on account of the logs of said party of the second part last mentioned which may be gathered and rafted under this contract, one million and a half feet of logs, rafted under warps and wedges, at such points above Hastings convenient to run from, as said party of the first part may designate ; and to deliver also, during said season, to said party of the second part, rafted under poles and lockdowns, at any convenient places on said river and lake which may be designated by said party of the first part hereto, such further amount of feet of logs as, with said one million and a half feet of logs aforesaid, shall be equal to the entire amount of feet of logs of said party of the second part, which, during said season, shall be gathered, rafted and scaled ; all of said logs to be taken possession of by the said party of the second part at such time as the said party of the first shall appoint for the delivery of the same, of which time five days previous notice shall be given in writing to the said party of the second part ; and said logs to be delivered, rafted as afore-

said, in such installments or quantities, from time to time, as said party of the first part shall find most convenient, except that not less than one string shall be delivered at a time, unless at the close of the work or season.

" It is understood and agreed between said parties mutually that the said party of the first part is not under obligation to raft or deliver to said party of the second part the particular marks of logs of said party of the second part, but all logs whatever which may be gathered and rafted by said party of the first part, whether belonging to the parties hereto or to any other parties, may be rafted together, or indiscriminately, or otherwise, as the said party of the first part may find most convenient to do ;    *    *    *    *    .

" And it is understood and agreed that the said party of the first part is not hereby required to use or bestow any more or other exertions or care about the logs of said party of the second part than the said party of the first part shall use or bestow about the logs of the parties composing said Mississippi Rafting Company ; but it shall not use or bestow any less exertion or care about the logs of said party of the second part, in gathering, rafting and delivering the same, than it· does about its own logs ;    *    ⁄*    *    . And in case said party of the first part shall sell any lots of its own logs not rafted, which may be mixed with logs of said party of the second part, said party of the second part hereby agrees and permits that such logs of the said party last mentioned may be sold by the said party of the first part with and as if they were their own,· for their own use, provided that a similar quantity of feet of logs of said party of the first part, or other logs, shall in lieu thereof, be delivered rafted to said party of the second part, of logs which may become rafted as aforesaid, upon the said party of the second part paying the charges and fees for gathering and rafting the same herein-

The Mississippi Rafting Company v. Ankeny et al.

after mentioned; and in consideration of the agreement on the part of said party of the first part herein contained, the said party of the second part promises and agrees to pay to said party of the first part, for gathering and rafting the logs of said party last named, three dollars for each and every one thousand feet of logs of said party of the second part which shall be so rafted by the said party of the first part, as follows, to-wit: twenty-five cents for each one thousand feet of the said one million and a half feet of logs hereinbefore mentioned, payable at the execution of this contract, and the balance of said compensation of three dollars for each and every one thousand feet of logs which shall be rafted and delivered for said party of the second part, or which shall be ready for delivery at the time appointed therefor, to be paid at the times which shall be appointed as aforesaid for the delivery of rafted logs to said party of the second part, and before the delivery of the same,      *      *      *      *      *      *      *

And the said party of the second part also promises and agrees to furnish, at their own cost, the rope which may be required for the rafting of the one million and a half feet of logs hereinbefore mentioned,      *      *      *      *      *

And the said party of the second part promises and agrees that, in case the entire amount of the feet of logs of the said party of the second part, of the marks aforesaid given, which shall be gathered and rafted and scaled during the present season of navigation, shall be less in amount than one million and a half feet of logs which shall be delivered to said party of the second part above Hastings as aforesaid, then the said party of the second part will buy an amount of feet of logs equal to the difference or deficiency, and deliver the same this season aforesaid to said party of the first part, below Hastings, rafted, or pay to said party of the first part ten dollars for each and every one thousand feet of said deficiency or difference,

at the option of said party of the second part.          *          *
And it is agreed that if all the logs of said party of the second
part shall not be gathered and rafted· by the close of naviga-
tion, after making the exertions hereinbefore required, then the
said party of the first part shall not be liable or responsible
for the non-gathering or rafting such logs as· shall not then be
rafted, or in any manner for or on account thereof."

On the 1st of October, 1867, the plaintiff having in the mean-
time delivered to defendant one million one hundred and fifty-
one thousand two· hundred and thirty feet of logs, the original
contract was modified by an agreement in writing of that date,
by which it was provided, that the remainder of the one mill-
ion five hundred thousand feet of logs, "should be delivered
under said contract as follows, to-wit : Forty eight thousand,
seven hundred and seventy feet in the boom at or near Cowles'
mill at Hastings ; one hundred thousand feet outside of said
boom ; and the remainder, or two hundred thousand feet, in a·
slough at Pig's Eye, the last named lot to be rafted under
poles and lockdowns. provided that the said last mentioned
two hundred thousand feet might not be delivered at all, if
the company should be willing to waive the right to deliver
so much of said fifteen hundred thousand feet ;" which waiver
was subsequently made by the plaintiff, and no greater amount
than one million three hundred thousand feet delivered.

This contract must be considered in the light of surround-
ing circumstances affecting it, and all its provisions must be
construed together.

It appears that a short time prior to the making of this con-
tract, a freshet had occurred in the Mississippi River which
had carried the logs in the river belonging to various persons
over the Falls of St. Anthony, and scattered them indiscrimi-
natey along the banks of the river ·from the falls, or the
vicinity of the mouth of the Minnesota River to the foot of

The Mississippi Rafting Company v. Ankeny et al.

Lake Pepin. We cannot ignore the fact that it would be impracticable to gather up and raft any one mark, or any few marks of logs thus scattered; and that it would be out of the power of any one to determine, with any degree of accuracy, the quantity of his logs thus situated. It likewise appears that the plaintiff is an association composed of various persons formed for the express purpose of gathering and rafting these logs, and that defendants were the owners of certain of the logs thus situated.

It is very clear in the light of these circumstances, if not from the very words of the contract itself, that the primary purpose of the parties in making the contract was the employment of the plaintiff to gather up and raft the defendants' logs situated as described, that they might be available to the defendants.

The only practicable way of accomplishing this, was for the plaintiff to gather up and raft together indiscriminately the various logs under their control, and of the logs thus rafted, deliver to each owner an amount equal, as nearly as might be, to his own logs.

At the time the contract was entered into, it is pretty evident that neither party could estimate with accuracy the amount of defendants' logs which fell within the terms of the contract; but as found by the court below; "Plaintiff and defendants both entered into the contract with the expectation that the amount of defendants' logs which would be found and rafted or sold by plaintiff under said contract during the said year 1867, would exceed 1,500,000 feet." We discover nothing, however, either in the contract or elsewhere, which warrants the position taken by plaintiff's counsel, that defendants *guarantied* that the amount of their logs which would be so found and rafted, or sold, would be equal to one million five hundred thousand feet. On the contrary,

it seems·to us that the provision by which defendants were bound to pay (in logs or money) for whatever amount said one million five hundred thousand feet to be delivered by plaintiff might exceed the amount of defendants' logs which should be gathered, &c., goes to show that the parties had in mind the possibility that the amount of defendants' logs so gathered would fall below one million five hundred thousand feet.

Looking then at the entire contract by the light of these facts and circumstances, we are of opinion that the meaning of the contract, so far as the point under consideration is concerned, is that defendants were to pay for gathering and rafting a quantity of logs equal to the amount of defendants'· logs gathered and rafted by plaintiff, added to such amount of defendants' logs as plaintiff might sell with its own logs un-' rafted, such quantity to be, of course, delivered to defendants by the plaintiff. The language of the contract is, "the said party of the second part promises and agrees to pay to said party of the first part, for gathering and rafting the logs of said party last named, three dollars for each and every one thousand feet of logs of said party of the second part which shall be so rafted by the said party of the first part." This language clearly binds the defendants to pay for gathering and rafting their own logs only. And we think that the meaning which we thus attribute to it, is not affected by the language succeeding, viz.: that defendants should so pay "as follows, to-wit: twenty-five cents for each one thousand feet of ·the said one million and a half feet of logs hereinbefore mentioned payable at the execution of this contract, and the balance of said compensation of three dollars for each and . every one thousand feet of logs which· shall be rafted and delivered for said party of the second part," &c. These provisions do not alter the fact that the purpose of the agreement on defendants' part was to secure the gathering and rafting of,

The Mississippi Rafting Company v. Ankeny et al.

their own logs, and that the agreement was to pay for the gathering and rafting of the same only: as has been already remarked, the expectation of both parties was that defendants' logs would equal or overrun one million five hundred thousand feet, and as it seems to have been regarded proper, for reasons easily conjectured, that defendants should make some advances to plaintiff before the work of gathering and rafting was entered upon, the amount of such advances is with great propriety fixed for the time being in view of such expectation, and not with any intention of conclusively binding defendants to pay for gathering and rafting logs not their own. Similar reasoning will apply to the provision as to the payment of "the balance of said compensation of three dollars."

The purpose and intent of the agreement being that defendants shall pay for gathering and rafting their own logs only, the payment of the sum of three dollars for each thousand feet delivered, is made upon that basis for the time being. When then, it is ascertained, as it could only be by waiting for the final result, that defendants have paid for gathering and rafting more than their own logs, it does not require any specific provision of the contract to entitle them to receive from plaintiff the money thus overpaid.

An action in the nature of an action for money had and received would clearly lie for its recovery, unless it were allowed in payment for the excess of logs delivered by plaintiff.

For these reasons we think the court below erred in charging defendants for gathering and rafting logs in excess of the amount of their own.

As the overcharge is, however, mere matter of computation, to-wit: an overcharge of three dollars per one thousand feet for two hundred and thirty-seven thousand, two hundred and eight feet, amounting to seven hundred and eleven dollars and sixty-two cents, it is unnecessary to send the cause back for a

new trial, but the judgment may be modified by deducting said overcharge from the same.

The plaintiff took no appeal on the case, and the motion made by him to file an amended return was denied by the court. The points suggested by him bearing upon such amended return are therefore not before us for consideration.

Judgment modified as above indicated.