GEORGE ENGLER v. MARTIN SCHNEIDER.[1]

December 7, 1896.

Nos. 10,274—(135).

**New Trial—Theory of Case—Mistake in Law.**

Evidence *held* to justify the verdict under the theory of the law upon which the case was submitted to the jury. Where a party tries his case upon a certain theory of the law, and consents to its being submitted to the jury on that theory, he cannot afterwards claim a new trial, at least as a matter of right, on the ground that such theory of the law was erroneous.

Appeal by plaintiff from an order of the district court for Cottonwood county, P. E. Brown, J., denying a motion for a new trial. Affirmed.

*L. F. Lammers*, for appellant.

*A. W. Annes* and *J. G. Redding*, for respondent.

MITCHELL, J.[2] This was an action to recover possession of the oats grown in 1895 on certain land which confessedly belonged to the defendant. In his complaint the plaintiff alleged that he had a lease or contract with defendant for the cultivation of this land on shares for the year 1895, and it is by virtue of this contract that he claimed title to the grain. The case was tried upon the theory that plaintiff's right to the property depended entirely upon the existence or non-existence of such a contract, and the court expressly instructed the jury to that effect, to which neither party excepted.

It conclusively appears from the evidence that, if any such contract was ever entered into, it was an oral one, made in July, 1894. On plaintiff's own testimony it may be doubted whether the minds of the parties ever fully met on the terms of any contract, or whether the matter ever went beyond mere negotiation. But, however this may be, according to the testimony of the defendant, that was as far as the matter ever went, and the understanding was that thereafter there should be a writing executed, in which the terms of the contract should be settled, and no such writing was ever executed, be-

---

[1] Reported in 69 N. W. 139.                [2] BUCK, J., took no part.

cause of a disagreement between the parties as to its terms. Hence the very most that can be claimed for the evidence is that it would have justified a verdict either way on the issue submitted to the jury, which they were instructed was decisive of the case.

This is perhaps all that is necessary to decide for the purposes of this appeal. But, in view of the issue submitted to the jury, there is another fact which is fatal to the plaintiff's case. Even if an oral contract had been made in July, 1894, it would have been void under the statute of frauds,[3] because by its terms it was not to be performed within one year from the time it was made. Jellett v. Rhode, 43 Minn. 166, 45 N. W. 13. Assuming, without deciding, that "part performance" would take such a contract out of the statute, there was nothing that would bring the case within that doctrine. The principle upon which this equitable doctrine proceeds is that the agreement has been so far executed by one party with the consent or tacit encouragement of the other, and in reliance on his fulfillment of it, that for the latter to repudiate it and shelter himself under the statute would amount to a fraud upon the former. In this case the evidence shows that anything which the plaintiff did or attempted to do on this land under this alleged contract was done against the positive remonstrance and prohibition of the defendant, and with notice that he denied the existence of any contract. We have no reference to plaintiff's plowing the land in the fall of 1894, for it appears that he was required to do that by the terms of the contract under which he had cropped the land that year.

In this court counsel takes the position that, even if the plaintiff was a trespasser in going upon the land, still he would be the owner of the crop, under the doctrine suggested in Lindsay v. Winona & St. P. R. Co., 29 Minn. 411, 13 N. W. 191. It is doubtful whether there is any evidence that the plaintiff was a disseisor, or anything more than a casual trespasser. The evidence is also practically conclusive that the plaintiff was expelled from the land before any considerable part of the crop was severed from the soil. But it is sufficient answer to the present contention that it is wholly inconsistent with the position taken on the trial. We have repeatedly held that, where a party has tried his case on one theory of the law, and con-

[3] G. S. 1894, § 4209.

sented to its submission to the jury on that theory, he cannot afterwards claim a new trial, at least as a matter of right, on the ground that such theory was erroneous.

Order affirmed.