STATE ex rel. HENRY C. SOUCHERAY v. EDWARD G. KRAHMER.[1]

June 17, 1904.

Nos. 13,967—(173).

**Deed—Payment of Taxes.**

A county auditor is required by section 1624, G. S. 1894, to certify upon deeds conveying real estate that taxes have been paid upon such property only when it appears from the records of his office that such payments have been made.

**County Auditor.**

The fact that the grantor established his title to the lands conveyed pursuant to a tax sale to enforce the collection of taxes of a year subsequent to those remaining unpaid, and also thereafter registered his title under the so-called Torrens system, does not enlarge the authority or duty of the auditor.

Appeal by relator from a judgment of the district court for Ramsey county, entered pursuant to the findings and order of Orr, J. Affirmed.

*William G. White,* for appellant.

*Thomas R. Kane* and *O. H. O'Neill,* for respondent.

DOUGLAS, J.

Mandamus to compel the county auditor of Ramsey county to certify upon a deed that, from the records in his office, it appears the taxes upon the lands therein described are paid. From the judgment of the district court discharging said writ, relator appeals.

The National Bond & Security Company, a corporation, purchased certain lands situated in Ramsey county at the regular tax sale held in 1899 to enforce the collection of taxes thereon for 1897, and thereafter duly perfected a tax title to the same. Later said company conveyed its interest in said lands to one Frank J. Obst, who duly registered his title thereto in a proceeding instituted by him under chapter 237, p. 348, Laws 1901, known as the "Torrens System of Registering Titles," and on March 7, 1904, duly executed and delivered a deed conveying said premises to the relator, who requested respondent to in-

[1] Reported in 100 N. W. 105.

dorse upon such instrument, "Taxes paid and transfer entered," as provided by section 1624, G. S. 1894. Eliminating many details, it is clear the taxes upon the lands in question for the years 1891, 1892, 1893, 1894, 1895 and 1896 are unpaid, and this appears from the books of the auditor. A judgment was duly entered in March, 1898, for the amount of the taxes for the year 1896, and, at the regular tax sale held in 1898, the lands were sold to the state to satisfy the same. The record also shows that the taxes for the years 1891 to 1895, inclusive, were also placed in judgment, and the lands duly sold to the state of Minnesota. Subsequently, while so held, such taxes or tax liens were in March, 1901, merged in a second judgment, and the premises duly sold to the state of Minnesota at the forfeited tax sale held in May of said year, under and pursuant to the authority conferred by chapter 322, p. 410, Laws 1899.

It is claimed by appellant that the perfection of the title to said premises in his grantor, Frank J. Obst, in the proceedings to enforce the collection of taxes for the year 1897, operated to cancel the taxes for prior years, including the lien upon or interest in said lands so acquired by the state of Minnesota, and, inasmuch as the title has been duly registered in appellant's grantor in proceedings instituted under chapter 237, p. 348, Laws 1901, that it is the duty of respondent, as auditor of Ramsey county, to indorse the deed, "Taxes paid and transfer entered," upon presentation. We cannot adopt this view. The county auditor is not clothed with judicial or quasi judicial power. As the custodian of certain records, he is authorized and compelled to so certify only when it appears therefrom that such taxes have been paid. He acts in a purely ministerial capacity, and as it appears from his records that the taxes for the years 1891 to 1896, inclusive, have not been paid, we are of the opinion he was justified in refusing to certify as requested. We are unable to concur in the view that the registration of titles under the so-called Torrens system enlarges the powers of the county auditor. The auditor was not a party to such proceedings, and, independent of the question whether the same added to the rights of appellant, such registration did not operate to change the records of his office.

It is idle to elaborate as to the scope and purpose of the writ of mandamus. It is sufficient to say that its use is limited to the matter

of compelling the performance of acts which the law specially enjoins as a duty resulting from an office, trust, or station, and that it can never issue where there is a speedy and adequate remedy at law.   In State v. Nelson, 41 Minn. 25, 42 N. W. 548, this court held that a writ will not lie to compel a county treasurer to certify that all taxes are paid, when taxes remain unpaid, even if such taxes are illegal.   From a standpoint of principle, that case is decisive of the issue at bar.   A county treasurer or auditor may as well decide the question of the legality of certain taxes, as to determine that the same, or the interest of the state of Minnesota acquired at tax sales, ceased to remain a lien upon real estate.

In view of the conclusion reached, it becomes unnecessary to consider two other questions which were very elaborately argued:   (1) Whether appellant's grantor has waived his right to object to the validity of the tax judgment entered in 1900 for taxes for the years 1891 to 1895, inclusive.   G. S. 1894, § 1584 (Laws 1899, p. 411, c. 322, § 2).   (2) Whether the proceedings had in the matter of the enforcement of the collection of the taxes of 1897 operate to estop the state from asserting that a lien exists upon the lands in question for taxes accruing prior thereto.

It follows the judgment is affirmed.