STATE ex rel. E. W. Mc GILL v. ARTHUR E. COOK
and Others.[1]

November 22, 1912.

Nos. 17, 969—(11).

**Mandamus — demurrer to petition and to writ.**

The respondent may demur to the petition and alternative writ in a mandamus case.

**Mandamus — unincorporated associations.**

A writ of mandamus will issue only to compel the performance by an inferior tribunal, corporation, board or person of an act which the law specifically enjoins as a duty resulting from an office, trust or station. Private domestic corporations and their officers are within this rule by virtue of the visitorial power of the state over them; but the writ does not lie to regulate the affairs of unincorporated societies or associations.

Upon the petition of E. W. McGill, the district court for Hennepin county issued its alternative writ of mandamus directing C. A. Cook, as clerk of Hiawatha Camp, No. 1931, Modern Woodmen of America, to draw up and sign a written order of that camp in favor

[1] Reported in 138 N. W. 432.

of relator McGill for the sum of $235, and directing Arthur E. Cook, as consul of that camp, to sign the order as such consul, or show cause why they had not done so. The respondents demurred to the amended petition, and moved to quash the alternative writ, on the grounds (1) that there was defect of parties plaintiff and relator, and (2) that the amended petition did not set forth facts sufficient to entitle relator to the relief demanded. From the order, Jelley, J., overruling the demurrer to the amended petition, respondents appealed. Reversed.

*Elijah Barton* and *Harry A. Lund,* for appellants.
*Spooner, Laybourn & Lucas,* for relator.

STABT, C. J.

This is an appeal from an order of the district court of the county of Hennepin overruling the demurrer of the appellants herein to the amended petition in a mandamus case. The relator urges that the order is not appealable.

If respondent in mandamus proceedings may raise the question of the legal sufficiency of the facts stated in the petition and the alternative writ by a demurrer, it follows that an order sustaining or overruling a demurrer is appealable. The statute does not expressly provide that a demurrer may be interposed in such cases to the petition, or alternative writ, which must concisely state the facts showing the defendant's duty in the premises, but it expressly provides that a demurrer may be interposed to the answer. The statute also provides that: "No pleading or written allegation, other than the writ, answer and demurrer shall be allowed. They shall be construed and amended, and the issues tried, and further proceedings had, in the same manner as in a civil action." Sections 4558, 4561, 4562, 4563, R. L. 1905. These statutory provisions assimilate in many respects the practice in mandamus to that in ordinary civil actions. State v. County of Chisago, 115 Minn. 6, 131 N. W. 792.

The petition and alternative writ in mandamus cases constitute, in legal effect, the complaint. It is difficult to suggest any good reason why the respondent in such cases should not have the right to raise by demurrer, as well as by motion to quash, the question of the sufficiency of the facts alleged to require him to perform the duty di-

rected to be done in the alternative writ, as the relator has to raise the question of the sufficiency of the answer by demurrer. The fact that the interposition of a demurrer to the petition and writ tends to delay the cause, which should be brought to a speedy conclusion, does not suggest a sufficient reason why demurrer should not be allowed to the petition and alternative writ, for such reason applies with equal force to a demurrer to the answer. The objection, however, to allowing an appeal from an order sustaining or overruling a demurrer in any case, which was not permissible prior to the enactment of Laws 1867, p. 111, c. 63, applies with special force to mandamus cases, but the difference is one of degree only. The rule announced in many adjudged cases in other jurisdictions is to the effect that the petition and alternative writ take the place of a complaint in an ordinary civil action, and if the facts alleged therein are not in substance legally sufficient the respondent may demur thereto. 13 Enc. Pl. & Pr. 702.

In the case of State v. McKellar, 92 Minn. 242, 99 N. W. 807, many of the decisions of this court were reviewed and the correct practice to bring before this court for review the decisions of the district court was indicated, but the question here in controversy was not directly decided.

In the case of State v. Peltier, 86 Minn. 181, 90 N. W. 375, the respondent demurred to the petition and alternative writ, the demurrer was overruled, and the respondent appealed from the order. The appeal was heard and determined on its merits, neither court nor counsel raising any question as to the right so to demur or as to the appealability of the order.

In the case of Gleason v. University of Minnesota, 104 Minn. 359, 116 N. W. 650, the respondent demurred to the petition and alternative writ and appealed from the order overruling it, and the appeal was determined on its merits, court and counsel assuming that the practice adopted was correct.

While we adhere to the view expressed in State v. McKellar, supra, that the approved and correct procedure to bring before the court for review the decision of the district court in mandamus cases is to appeal from the judgment or an order denying a motion for a

new trial, yet we are not prepared to hold that it is exclusive of any other. We accordingly hold, following the cases cited, that the respondent may demur to the petition and alternative writ in mandamus cases.

The demurrer in this case was technically incorrect in that it was to the amended petition coupled with a motion to quash the writ. The demurrer, liberally construed, challenged the sufficiency of the facts stated in the petition and writ to entitle the relator to the relief demanded. The only question on the merits of the appeal is whether mandamus is sustainable on the facts alleged, which are, so far as here material, briefly these:

The Modern Woodmen of America is a fraternal beneficiary association organized under the laws of the state of Illinois, and is authorized to do business in this state. It has local lodges called camps, of which Hiawatha Camp No. 1931 is one, which is located in Minneapolis. It is not incorporated, and is composed of members of Modern Woodmen of America. The appellants Cook and Guffin are respectively consul and clerk of this local camp. In January, 1912, the supreme legislative or governing body of Modern Woodmen of America passed a resolution requiring members to pay higher insurance rates than they had theretofore been paying. The new rates are inequitable, unjust and higher than necessary. They were arbitrarily fixed, upon an unjust, unequal and prohibitive basis and place burdens upon the older members of the society, and, if enforced, will preclude them from keeping their benefit certificates in force, which will result in their forfeiture. Many members of the Modern Woodmen of America, many of whom are members of Hiawatha Camp No. 1931, being dissatisfied with the new rates, organized an association under the name of the National Modern Woodmen Assembly, for the purpose of carrying on a campaign of education and taking such legal steps as might be advisable to secure an annulment of the new and increased rates. On February 27, 1912, Hiawatha Camp No. 1931, at a regular meeting thereof, by a majority vote of the members present, adopted a resolution authorizing and directing the appropriation and payment from the general fund of Hiawatha Camp

of the sum of fifty cents per capita on its four hundred seventy members to be used in support of such assembly in its work. The resolution also provided that there should be immediately paid out of the general fund of Hiawatha Camp, which it exclusively owned and controlled, the sum of $235 to the relator herein, who then was and now is the treasurer of such assembly. The by-laws prescribed for the government of the local camps of the Modern Woodmen of America, of which Hiawatha Camp No. 1931 is one, provided that the banker thereof shall receive all of its funds and disburse the same, when properly allowed, and by the camp ordered paid by virtue of orders which should be drawn by its clerk and signed by him and its consul. They further provided that the clerk and consul should sign all orders to be drawn on the banker. Prior to the institution of this proceeding the relator duly demanded of the appellant Guffin, as such clerk, that he draw and sign an order in favor of the relator for the sum so appropriated, and at the same time he also made due demand upon the appellant Cook, as consul, that he sign such order. Each of them wholly refused, and still refuses, to make out or sign or to deliver to this relator any order whatever.

Do these facts show that the relator has a clear legal right to have the duty, which he seeks to enforce by this proceeding, performed? The law of this state applicable to the question is that a writ of mandamus will issue only to compel the performance by an inferior tribunal, corporation, board, or person, of an act which the law specifically enjoins as a duty resulting from an office, trust, or station. Private domestic corporations and their officers are within this rule by virtue of the visitorial power of the state over them, but the writ does not lie to regulate the affairs of unincorporated societies or associations. R. L. 1905, § 4556; State v. Southern Minnesota R. Co. 18 Minn. 21 (40); State v. Ames, 31 Minn. 440, 18 N. W. 277; State v. Krahmer, 92 Minn. 397, 100 N. W. 105; State v. DeGroat, 109 Minn. 168, 123 N. W. 417; 26 Cyc. 139.

A careful consideration of the facts alleged in the petition and alternative writ has satisfied us that they do not bring the case within the rule stated, for they clearly show that the duty, sought to be en-

forced by the writ, is not one which the law specifically enjoins, but one enjoined only by the by-laws of an unincorporated association. The fact that the Modern Woodmen of America is a foreign corporation, authorized to do business in this state, is not of any controlling force, for the fund upon which it is sought to have an order drawn in favor of the relator is exclusively owned and controlled by the unincorporated association. If the writ would lie to regulate the affairs of such an association, it could with equal reason be invoked to regulate the affairs of a copartnership. The case of Bassett v. Atwater, 65 Conn. 355, cited by the relator, does not support his contention, for in that case the respondents were officers of a domestic corporation and the duty sought to be enforced was one prescribed by a public statute.

We hold, upon the facts of this case, that mandamus will not lie, and that the trial court erred in overruling the demurrer.

Order reversed.