# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF MINNESOTA.

---

## IN RE PROCEEDINGS FOR THE ESTABLISHMENT OF JUDICIAL DITCH No. 1.

## CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY v. R. D. SPRAGUE AND OTHERS.[1]

April 5, 1918.

No. 20,743.

**Appeal and error — review of decisive question not raised in trial court — bridge over new channel.**

In proceedings under the drainage laws to straighten, deepen and improve the channel of Root river in Houston county, respondent railway company was awarded damages and demanded a jury trial. It appeared on this trial that the only element of damages was the cost of constructing a new bridge to carry the tracks of the railway company across the channel as straightened. It was assumed throughout the trial in the court below that the company was entitled to recover the cost of such bridge, and the question whether the company was obliged to construct the bridge at its own cost was not presented to or determined by the trial court. On appeal to this court from an order denying a new trial after a verdict in favor of the railway company, it is *held*:

[1]Reported in 167 N. W. 124.

140 M.—1.

(1) This court will not generally consider questions not first presented for decision to the trial court, and parties are generally bound in this court by the theory, however erroneous, upon which they tried the case below. But where the record shows conclusively as a matter of law that on the merits there is no cause of action or a defense, and where the question raised here for the first time is plainly decisive of the entire controversy on the merits, and nothing is to be gained by having first a ruling of the trial court, this court will consider and decide such question, though it is first raised in this court on appeal.

(2) Under the police power the railway company was bound to construct the bridge in question at its own cost.

P. D. Sprague and others petitioned the district court for Houston county for an order widening, deepening, straightening and changing the channel of Root river for the purpose of draining and reclaiming certain lands. The court made an order confirming the report of the engineer and the report of the viewers, allowed the damages specified and confirmed the assessments against the several tracts of land. The Chicago, Milwaukee & St. Paul Railway Company demanded a jury trial to assess the amount of its damages suffered on account of the construction of the ditch. The matter was tried before Catherwood, J., and a jury which assessed its damages in the sum of $16,000. From an order denying their motion for a new trial, petitioners appealed. Reversed.

*Duxbury & Duxbury,* for appellants.

*Hopp & Larson,* for respondent.

BUNN, J.

Petitioners instituted these proceedings under the drainage laws of the state to straighten, deepen and improve the channel of Root river in Houston county. In the order establishing the ditch the Chicago, Milwaukee & St. Paul Railway Company was awarded as damages caused by the construction of the drainage system the sum of $10,000. The company, not being satisfied with this award, demanded a jury trial. This was had, and the damages fixed by the jury at $16,000. The petitioners appeal from an order denying their motion for a new trial.

The only damage suffered by the railway company was that the straight-

ening of the channel of the river made it necessary for the company to construct a new bridge to carry its trains across the channel, and the verdict represents the cost of this bridge as found to be by the jury.

1. Counsel for appellants insist in their argument in this court that the railway company was entitled to no damages whatever, that it was bound to construct the bridge at its own cost. The first question for our determination is whether this question is before us. Neither on the trial below nor on the motion for a new trial, was this claim ever called to the attention of the trial court. The sole claim of appellants in the court below was as to the measure of damages; they did not question at any point that the railway company was entitled to recover its actual damage caused by the construction of the new bridge, the sole claim being that the amount was less than claimed by the company, because it could use material taken from its bridges across the old river, these bridges being no longer necessary on account of the change in the channel. Counsel for the railway company contended that no deduction should be made because of the possibility of the use of the old material. This was the issue, and the only issue presented to the trial court for its decision. It held with the company on this question, and sustained objections to offers made by counsel for the petitioners to show the cost of building the bridge, if materials were taken from the old bridge and used in the construction. In short, it is entirely clear that the question whether it was the uncompensated duty of the railway company to construct this bridge was never presented to or decided by the trial court. Should this court determine this question?

It is of course true that the theory of the judicial system in this state is that the parties shall have first a decision of the court below, and then a review of that decision in this court. Colvill v. Langdon, 22 Minn. 565. The very nature of its jurisdiction confines this court to a consideration of such questions as, originating in another court, have been there actually or presumably considered and determined in the first instance. The rule applies whether the question is one of fact or of law. 1 Dunnell, Minn. Dig. § 384, and cases cited. But in not one of the many cases in this court cited to the above proposition, was the question which this court declined to consider one of law that was decisive of the right on the admitted or established facts to recover at all. In White v. Western

Assurance Co. 52 Minn. 352, 54 N. W. 195, after stating that the rule was generally as we have stated it above, and applying that rule to the facts in the case, Chief Justice Gilfillan said:

"The rule probably would not apply where the record shows conclusively that the party recovering is not entitled to recover," * * * as "where it appears by evidence incapable of being rebutted or explained away that there is no cause of action, or that there is a defense."

This was plainly obiter, and we do not. find that what was said to be "probably" the rule has ever been declared to be the rule in any subsequent case in this state. But there is nothing in this statement of the rule that is at all inconsistent with any of the cases cited in the Digest, though it may be deemed a qualification to the general rule as stated in those cases. We think, however, that common sense supports the proposition that this court will not decline to consider a question of law that goes directly to the merits of the entire case, though that question was never presented to or determined by the trial court. Otherwise a result absolutely unwarranted by law might have to stand, and great injustice follow.

We have held that the question whether a complaint states a cause of action may be raised for the first time on appeal. Dunnell, Minn. Pr. § 1828, and cases cited. Mr. Dunnell states that this is apparently authorized by statute in this state, "but independently of statute the supreme court undoubtedly has authority by virtue of its general supervisory jurisdiction to set aside a judgment which is not based on any actionable wrong." The author cites authorities for this proposition, but none from Minnesota.

In section 404 of the Digest, after stating the well known rule that "where parties consent to try their cause below upon a particular theory of what the law of that case is, they cannot complain on appeal if the result is correct according to that theory, however incorrect the theory may be," and citing the cases of White v. Western Assurance Co. supra; Davis v. Jacoby, 54 Minn. 144, 55 N. W. 908; Engler v. Schneider, 66 Minn. 388, 69 N. W. 139, and Burgraf v. Byrnes, 104 Minn. 343, 116 N. W. 838, Mr. Dunnell says: "This is the general rule, but it is not applicable where the record shows conclusively that the party recovering is not entitled to recover," etc. citing White v. Western Assurance

Co. It may be proper to note that in Engler v. Schneider, supra, Mr. Justice Mitchell, in stating the general rule, said that the party consenting to his case being submitted to the jury on a certain theory of the law, cannot afterwards claim a new trial, "at least as a matter of right," on the ground that such theory of the law was erroneous, the implication being that the court might grant a new trial in such a case, if justice required it.

In Karns v. Kunkle, 2 Minn. 268 (313), it was held that under the statute in force at the time, a writ of error would lie to a judgment entered upon default, and that, where the record disclosed that there was no cause of action against the defendant, the judgment would be reversed. It is clearly the law that the question of jurisdiction of the subject matter may be raised for the first time in this court. Dunnell, Minn. Pr. § 1827, and cases cited.

In Babcock v. Sanborn, 3 Minn. 86 (141), the court ruled, as it has repeatedly since, that it would not entertain questions which have not received the actual decision of the tribunal from which they come, but added the following important qualification: "unless it is quite evident that substantial error has been committed, and adequate relief cannot be had from the court below."

We hold that neither the rule that this court will not generally consider questions not first presented for decision to the trial court, or the rule that parties are bound in this court by the theory, however erroneous, upon which they tried the case below, applies in a case where the record shows conclusively as a matter of law that on the merits there is no cause of action, or a defense. We limit this exception to cases where the question raised here for the first time is plainly decisive of the entire controversy on its merits, where, as in the present case, there is no possible advantage or disadvantage to either party in not having had a ruling of the trial court on the question. The question was ably and thoroughly presented to this court by the arguments of counsel.

2. We will therefore consider and decide the question in this case, that is, whether it was the uncompensated duty of the railway company to build the bridge across the new channel of the Root river. The widening, deepening, and straightening of the channel were for the purpose of confining the waters of the river to the new channel, so as to prevent

the overflow of lands in the valley of the river and to furnish drainage. The trial court found that the construction of the drainage system "will be of public benefit and utility and will promote the public health." It seems clear to us that the case is controlled by our own decisions, notably Chicago, M. & St. Paul Ry. Co. v. City of Minneapolis, 115 Minn. 460, 133 N. W. 169, 51 L.R.A.(N.S.) 236, Ann. Cas. 1912D, 1029. The improvement in that case was not drainage, but much less clearly for the public health and welfare than is the reclamation of overflowed lands, and carrying off surplus water. Drainage cases were cited in the opinion, and without question cited with approval. Chicago, B. & Q. Ry. Co. v. Illinois, 200 U. S. 561, 26 Sup. Ct. 341, 50 L. ed. 596, 4 Ann. Cas. 1175; Chicago & E. R. Co. v. Luddington, 175 Ind. 35, 91 N. E. 939, 93 N. E. 273; Chicago, B. & Q. R. Co. v. Board of Supervisors, 182 Fed. 291, 104 C. C. A. 573, 31 L.R.A.(N.S.) 1117; West Chicago Street R. Co. v. People, 214 Ill. 9, 73 N. E. 393, 201 U. S. 506, 26 Sup. Ct. 518, 50 L. ed. 845; Union Bridge Co. v. U. S. 204 U. S. 364, 27 Sup. Ct. 367, 51 L. ed. 523; New Orleans Gas Light Co. v. Drainage Commission, 197 U. S. 453, 25 Sup. Ct. 471, 49 L. ed. 831. These cases, with the Minneapolis case itself, and the prior decisions in this state, leave no room for doubt that the railway company in this case was obliged to construct the bridge in question at its own cost, and was not entitled to any damages. Nothing can be added with any profit to what has been said in our prior decisions.

Counsel for the railway company argue that the petitioners have no right to invoke the police power of the state. They rely greatly on People v. Chicago & E. I. R. Co. 262 Ill. 492, 104 N. E. 831, L. R. A. 1915B, 486. The facts in that case are not like those in the case at bar, as the company's bridge across a natural watercourse used by a drainage district had to be enlarged because the current of the stream had been increased by artificially reversing its flow so as to make it an outlet of another stream. The court distinguishes the case from prior Illinois decisions, and those of other courts, and holds that the company was not obliged to enlarge the bridge at its own expense. It also holds that a drainage district organized to redeem land for agricultural purposes is not such a governmental agency that it can take private property without compensation in the exercise of the police power. We have carefully

considered the above case, and so far as it has a tendency to support the argument in the case at bar that the petitioners have no right to invoke the police power, we do not approve it. It seems to us to be in conflict with the cases already referred to, and the case of Lake Shore & Michigan So. Ry. Co. v. Clough, 242 U. S. 375, 37 Sup. Ct. 144, 61 L. ed. 374. We are unable to sustain the contention that the acts of petitioners have been in the interests of private as distinguished from public benefit, and that compelling the construction of this bridge without compensation is a taking or damaging of private property for public use without just compensation, in violation of either the state or Federal Constitution.

Counsel further relies on the language of the drainage law found in G. S. 1913, § 5528, to the effect that the viewers shall report the damages awarded to * * * any corporation * * * for injury to any road, railroad or roadbed * * * and for the necessary construction of any bridges, etc. We find neither in this section, nor elsewhere in the act, any language that manifests an intent on the part of the legislature to attempt to legislate away the police power as applied to such cases. There may well be a taking of or damage to property in drainage proceedings that a railway company would be entitled to recover for. But, as stated at the outset, the cost of constructing the bridge over the new channel is the only element of damage claimed in the present case.

Our conclusion is that the railway company was, under the police power, bound to construct the bridge at its own cost. It was not entitled to a verdict in any sum. Had the question been presented to the learned trial judge, his decision would without much doubt have been the same as ours.

Order reversed and a new trial granted.

QUINN, J., took no part.