DORA GUNTHER AND ANOTHER v. E. R. BULLIS AND ANOTHER.[1]

December 23, 1927.

No. 26,342.

**Relators not entitled to writ of mandamus on facts alleged in petition.**
1. In this, a mandamus proceeding, the facts set forth in the writ considered and *held* not sufficient to support mandamus.

**Respondents did not waive the defective pleading.**
2. There was no waiver of the defective pleading on the part of respondents.

Appearances, 4 C. J. p. 1362 n. 45.
Mandamus, 38 C. J. p. 870 n. 47.

Defendants appealed from a judgment of the district court for Hennepin county, Bardwell, J. directing the issue of a peremptory writ of mandamus permitting the relators to examine the books and records of the defendant corporation. Reversed.

*Grimes & Maxwell,* for relators below (respondents here).

*Charles B. Elliott* and *N. M. Coursolle,* for respondents below (appellants here).

QUINN, J.

Relators are stockholders in the defendant corporation. They filed a petition in mandamus for an alternative writ to compel the corporation to permit them or their attorneys to examine its books and records. The petition and writ failed to allege the purpose of the proposed examination. Upon the return of the writ, the corporation appeared, through its attorneys, and asked that the hearing be postponed to a stated time to enable it to present its answer. The motion was granted, but the corporation made no further appearance. When the matter was called on the adjourned date, the court granted the prayer of the petitioners, based upon the

[1]Reported in 217 N. W. 119.

petition and alternative writ, without any proof being offered. This appeal followed.

The sole questions here are whether the writ, read in connection with the petition, states a cause of action entitling relators to mandamus and, if not, was there a waiver of the defect by the appearance and request for a continuance. We answer both questions in the negative.

Section 7470, G. S. 1923, provides that in all stock corporations the directors shall cause accurate and complete records to be kept of all corporate proceedings and proper books, accounts, files and records of all business transacted, and that all such books and records shall at all reasonable times and for all *proper purposes* be open to the inspection of every stockholder.

Section 9729 of the statutes provides, with reference to mandamus proceedings, that no pleading other than the writ, answer and demurrer, shall be allowed, and that they shall be construed and amended and the issues tried in the same manner as in a civil action.

Under § 9252 of the statutes all objections to a complaint shall be taken either by demurrer or answer and, if not taken either by demurrer or answer, the defendant shall be deemed to have waived the same, save only the objection to the jurisdiction of the court and to the sufficiency of the facts to constitute a cause of action. Under this statute it has been held that objections to the sufficiency of the facts to constitute a cause of action may be taken for the first time on appeal. Dunnell, Pr. § 1828; C. M. & St. P. Ry. Co. v. Sprague, 140 Minn. 1, 167 N. W. 124.

In mandamus the petition and writ constitute the information on the part of the relator, the writ standing in place of a complaint in an ordinary civil action. The facts set forth therein must be, in substance, legally sufficient to support the judgment sought. State ex rel. McGill v. Cook, 119 Minn. 407, 138 N. W. 432, Ann. Cas. 1914B, 8. The only question here for consideration is whether the facts pleaded are sufficient to sustain mandamus.

We answer the query in the negative. Dunnell, Pl. (2 ed.) § 738. The writ must show on its face a clear right to have the thing sought

by it done and, failing to do so, it will not support a judgment. 18 R. C. L. 341, § 294, and cases cited. We hold that the information, considered in connection with the statute, is not sufficient to support the judgment. While we do not approve the practice pursued of appearing in response to the writ and asking the court for an adjournment to enable respondents to answer, yet the fact does not amount to a waiver of the defective pleading. It follows that the writ is not sufficient to support the judgment.

Reversed.