**Marvin EAKMAN and Thomas McDonald, Appellants,**

v.

**Dan BRUTGER, Chairman of the Metropolitan Sports Facilities Commission, Respondent,**

**John Boland, Chairman of the Metropolitan Council (and the full Commission and Council), Respondent.**

**No. 49729.**

Supreme Court of Minnesota.

Oct. 15, 1979.

---

Marvin Eakman, pro se.

Thomas McDonald, pro se.

Mastor & Bale, Wayne H. Olson, and David R. Knodell, Minneapolis, for Brutger et al.

Forrest D. Nowlin, Jr., and John Hoeft, St. Paul, for Boland et al.

SHERAN, Chief Justice.

Plaintiffs Marvin Eakman and Thomas McDonald, pro se, appeal from an order of the district court denying their motion for a temporary restraining order enjoining any action taken by defendants Dan Brutger, Chairman of the Metropolitan Sports Facilities Commission and John Boland, Chairman of the Metropolitan Council toward the building of a domed stadium in downtown Minneapolis, and granting defendants' motion for summary judgment. We consider both rulings. Affirmed.

A trial court's ruling on a motion for a temporary injunction is largely an exercise of judicial discretion. The sole issue on appeal is whether there was a clear abuse of such discretion. In *Dahlberg Brothers, Inc. v. Ford Motor Co.*, 272 Minn. 264, 274, 137 N.W.2d 314, 321 (1965), we specified the considerations relevant in making that determination:

(1) The nature and background of the relationship between the parties preexisting the dispute giving rise to the request for relief.

(2) The harm to be suffered by plaintiff if the temporary restraint is denied as compared to that inflicted on defendant if the injunction issues pending trial.

(3) The likelihood that one party or the other will prevail on the merits when the fact situation is viewed in light of established precedents fixing the limits of equitable relief.

(4) The aspects of the fact situation, if any, which permit or require consideration of public policy expressed in the statutes, State and Federal.

(5) The administrative burdens involved in judicial supervision and enforcement of the temporary decree. (footnotes omitted).

The district court applied these criteria and concluded that plaintiffs had failed to demonstrate irreparable harm while defendants showed significant economic hardship, that plaintiffs were not likely to prevail on the merits and that public policy as expressed in the "stadium law," Minn. Stat. §§ 473.-551–595 (1978), requires that the issues be dealt with legislatively. A review of the record, comprised of the pleadings of both parties and the affidavits and documentary exhibits of defendants, reveals that the trial court did not err in denying the motion.

Rule 56, R. Civ. P., permits a trial court to order summary judgment upon a showing by the moving party that there are no genuine issues of material fact and that he is entitled to judgment as a matter of law. *Rathbun v. W. T. Grant Co.*, 300 Minn. 223, 219 N.W.2d 641 (1974). When affidavits are submitted in support of the motion, the nonmoving party cannot simply rely upon general allegations in his pleadings but must present specific facts showing that there is an issue for trial on the merits. Defendants supplied the court with affidavits and documents on each factual question raised by the complaint. Plaintiffs did not respond with counter affidavits or other proof that the facts were not as defendants presented them. The trial judge correctly concluded that there was no genuine issue of material fact. Furthermore, the principle legal issues raised—whether construction of a stadium constitutes a proper public purpose and whether adequate financial safeguards have been imposed—were resolved contrary to plaintiffs' position in *Lifteau v. Metropolitan Sports Facilities Comm'n.*, 270 N.W.2d 749 (Minn. 1978). The trial judge, therefore, properly granted the motion to dismiss the complaint.

Plaintiffs seek on appeal to raise questions not litigated in the trial court. We decline to consider them pursuant to the well-established principles contained in *AAMCO Industries, Inc. v. DeWolf*, 312 Minn. 95, 250 N.W.2d 835 (1977) and *Chicago, Milwaukee & St. Paul Railway Co. v. Sprague*, 140 Minn. 1, 167 N.W. 124 (1918).

Affirmed.