**In re the Marriage of Gloria J. MILLER, petitioner, Respondent,**

v.

**Anthony F. MILLER, Appellant.**

**No. C7–85–225.**

Court of Appeals of Minnesota.

July 16, 1985.

William A. Erhart, Anoka, for respondent.

Nancy G. Moehle, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and PARKER and CRIPPEN, JJ., with oral argument waived.

## OPINION

CRIPPEN, Judge.

Anthony F. Miller seeks review of trial court decisions on child support. We reverse and remand on one issue and otherwise affirm.

## FACTS

In October 1984, the trial court ruled on motions of each party to recover child support from the other. At that time, appellant Anthony Miller had custody of Kenneth Miller, a son of the parties who was then age 12. Respondent Gloria Miller had custody of another son, Anthony, who would turn age 18 on December 8, 1984. A third child, who had been in the custody of Gloria Miller since 1980, when the marriage of the parties was dissolved, turned age 18 in March 1984.

Appellant, the father, sought an award of support for Kenneth. Although Kenneth had been in his custody since February 1983, appellant had not previously demanded child support.

Respondent sought support for the 17 year old son of the parties, who had previously been in the father's custody. She also sought a money judgment for alleged child support in arrears, $2,947.50, which she said had been due and not paid during

times when she had custody of all three children, between 1981 and 1983, and in the following year, when the oldest child remained with her. After examining receipts when the motions were heard in August 1984, respondent reduced her claim for arrearages by about $500, to $2,346.75. In accordance with the trial court's order, an amended judgment was entered in the case on November 5, 1984.

The trial court awarded child support to the father, but provided that the award become effective on December 8, 1984, the 18th birthday of the son of the parties who was then living with his mother.[1] Appellant contends that the trial court improperly deviated from statutory child support guidelines by failing, without explanation, to make the obligation effective for the three months between the hearing and December 8.

The trial court awarded respondent a money judgment for $2,346 child support in arrears. Appellant disputes the calculation of arrearages and he disputes the further decision of the trial court that respondent's new child support obligation would be offset by any of the appellant's arrearage obligation which is not paid.

Finally, the trial court provided for wage withholding, apparently tied to respondent's new support obligation, but imposed with express reference to appellant's wages. This apparent clerical error is challenged by the father on appeal.

### ISSUES

1. Can this court correct a clerical error in the trial court's provision for wage withholding?

2. Can we review contentions of fact not addressed to the trial court?

3. Did the trial court err in delaying the effective date of a child support obligation?

4. Did the trial court err by offsetting child support with an obligation of the custodial parent?

### ANALYSIS

1. Income Withholding.

▇ The parties agree that the trial court made a clerical mistake in its wage withholding order. Anthony Miller was entitled to a withholding order regarding Gloria Miller's new support obligation. Minn. Stat. § 518.611, subd. 1 (1984).

Appellant has not sought trial court relief on this issue, which can be done under Minn.R.Civ.P. 60.02. Appellate review is presently premature.

2. Arrearages.

The appeal on calculation of arrearages also presents contentions never addressed to the trial court.

Appellant asserts there were mistakes in Gloria Miller's calculation of arrearages, and the record shows no presentation of these contentions at the trial court hearing in August 1984. Similarly, he first states on appeal a claim that respondent obtained relief for support which related to periods when she did not have custody of the children.

We will not consider and resolve issues not raised below. *Benedict v. Benedict,* 361 N.W.2d 429, 431–32 (Minn.Ct.App.1985) (citing *Eakman v. Brutger,* 285 N.W.2d 95, 97 (Minn.1979)).

3. Child Support Guidelines.

It is apparent that the child support award for appellant was made effective on the date when respondent would no longer be able to claim support for the child who lived with her. Respondent's motion included a request for setting appellant's obligation to pay support for the child who lived with her.

---

1. The court ordered that support be paid in "sums consistent with Minnesota Statutes 518.-551." No amount of support was set and the mere citation of the guidelines statute begs the question whether departure provisions, also part of Minn.Stat. § 518.551 (1984), were to be overlooked. The appeal does not address this characteristic of the trial court's decision.

Appellant argues that the trial court could not act as it did without findings showing cause for departure from statutory guidelines. *See* Minn.Stat. § 518.551, subd. 5(e) (1984). Having in mind the slight significance of the deviation, we will not demand findings on a matter of cause for departure so clearly indicated by the evidence.

4. Set-off.

Appellant challenges the set-off of his arrearage obligation against his right to collect child support.

As appellant contends, the decision for set-off constitutes a guidelines departure under Minn.Stat. § 518.551, subd. 5(e). The question is one of fact, and is governed by standards set forth in Minn.Stat. § 518.-17, subd. 4 (1984).

Neither this court nor the trial court was given sufficient information to decide whether the set-off was harmful to the child or unjust to appellant. The trial court made no findings of fact relevant to the appropriate amount of support Gloria Miller should pay.[2] The matter must be remanded for an appropriate determination of facts.

**DECISION**

The trial court's decision for an offset against recovery of child support is reversed and remanded for further proceedings consistent with this opinion. The trial court's amended judgment is otherwise affirmed.

Affirmed in part and reversed and remanded in part.