**Peter DODGE, et al., Appellants,**

v.

**CEDAR–RIVERSIDE PROJECT AREA COMMITTEE, Respondent.**

**No. C0–89–365.**

Court of Appeals of Minnesota.

Aug. 8, 1989.
Review Denied Sept. 27, 1989.

Robert Dildine, Minneapolis, for appellants.

William F. Messinger, Elizabeth M. Pierce, Minneapolis, for respondent.

Heard, considered and decided by NIERENGARTEN, P.J., and LANSING and SCHUMACHER, JJ.

## OPINION

NIERENGARTEN, Judge.

Appellants sought a temporary injunction to restrain further action by respondent nonprofit corporation following an allegedly illegal election of delegates to the board of directors. The motion was denied and this appeal ensued.

## FACTS

Respondent, Cedar Riverside Project Area Committee (PAC), is a nonprofit neighborhood organization, funded by the Minneapolis City Council under its Citizen Participation ordinance. According to the PAC Constitution, amended in 1987:

ARTICLE VI—Membership

Membership in the Project Area Committee shall include no more than 43 regular delegates, divided into two general categories.

*Section 1.* The first category shall consist of those delegates who represent and are themselves residents within the boundaries of the Cedar Riverside Urban Renewal area (hereinafter referred to as Resident delegates). This group shall comprise a minimum of 25/43 of the total PAC membership.

*Section 2.* The second category shall consist of those delegates representing area interest groups which have an ongoing interest, financial or otherwise, in the future of the Cedar Riverside area.

*Section 3.* All delegates must be selected by their respective constituencies at least once every year as specified in the by-laws.

The bylaws in effect at the time of the 1988 election of delegates said:

Section 1. The PAC shall have two categories of members.

A. *Residents* of the Cedar Riverside Urban Renewal Area. Twenty-five members to be elected from 5 geographical districts as identified in appendix A.

B. *Areawide Interest Groups* (A current list shall be kept.)

\* \* \* \* \* \*

Section 2. Duties and Privileges. Each delegate, as a result of his or her selection, shall have the duties and privileges listed below:

A. Entitled to one vote on each matter submitted to a vote by the membership of the PAC, except as stipulated in Article IX of the Constitution or elsewhere in these by-laws.

B. Eligible to serve as any officer or on any committee established by the Constitution or these by-laws.

C. Responsible for attending all duly called meetings of the PAC and communicating the concerns, issues, and business of the PAC to their respective constituents.

D. Responsible for reporting accurately and promptly all concerns and interests of their respective constituents to the PAC at a regular meeting.

Appellants, Peter Dodge, Ronald Washington and David Markle (Dodge) allege they are members of the PAC corporation, and contend that their rights were infringed by the illegal election of corporate directors held in April 1988. Dodge demands a new election, claiming he received inadequate notice of the election and that PAC failed to meet the election quorum requirements established in Chapter 317 of the Minnesota Statutes, the nonprofit corporation statute. Dodge moved for a temporary injunction to restrain any actions of the newly elected board which required a vote of its delegates, and to restrain PAC "from engaging in certain ultra vires acts." The trial court denied the motion, finding Dodge was unlikely to prevail on the merits of the case, and, further, that Dodge failed to exhaust his administrative remedies. Dodge appeals.

## ISSUE

Did the trial court abuse its discretion in denying Dodge's motion for a temporary injunction?

## ANALYSIS

1. *Standard of review*

▆ A trial court's ruling on a motion for a temporary injunction is largely an

exercise of judicial discretion, and the court's decision will not be reversed unless there has been a clear abuse of that discretion. *Eakman v. Brutger*, 285 N.W.2d 95, 97 (Minn.1979). Whether the decision of the trial court should be sustained on appeal is determined by review of the *Dahlberg* factors considered by the trial court in granting or denying a temporary injunction. *See Dahlberg Brothers, Inc. v. Ford Motor Co.*, 272 Minn. 264, 274–75, 137 N.W.2d 314, 321–22 (1965).

## 2. *Merits of the case*

Dodge contends this is a corporate law dispute which requires the court's equitable resolution of a question of law, and does not involve the filing of an administrative complaint with the City of Minneapolis. Dodge claims the question of law to be resolved is whether the residents of the Cedar–Riverside area are members of the nonprofit corporation.

■ While a trial court does have equity jurisdiction over the affairs of a corporation where illegality is proved, *Brennan v. Minneapolis Society for the Blind, Inc.*, 282 N.W.2d 515, 524 (Minn.1979), it is clear from the PAC constitution that the residents themselves are not members, and therefore have no standing to bring a suit on behalf of or against the corporation. The constitution calls for an election of delegates to the PAC. Article VI states that membership in the PAC includes "no more than 43 regular *delegates*, divided into two general categories." (Emphasis added.) The delegates are also not the officers of the committee; under Article VII, the officers are separately elected by the PAC delegates at the annual meeting.

■ As Dodge has no standing to bring suit, the trial court has no jurisdiction to intervene in the electoral process of the PAC corporation. Lacking standing, it is unlikely Dodge will succeed on the merits of his claim that the 1988 election of directors violated the provisions of Minn. Stat. Ch. 317 and the PAC bylaws.

The court did not err in its determination that Dodge would be unlikely to succeed on the merits of the case, and in its denial of the motion for a temporary injunction.

## 3. *Exhaustion of remedies*

■ The court also based its denial of the motion for injunctive relief on its finding that Dodge failed to exhaust his administrative remedies. Dodge complains there are no channels through which he can air his grievances about the April 1988 election. PAC's evidence indicates, however, that Dodge had an adequate remedy at law. PAC submitted a letter from Bob Cooper of the Citizen Participation Department of the Minneapolis Community Development Agency (MCDA), the agency to which the PAC reports, which stated:

> The MCDA Citizen Participation Department did not receive any complaints regarding the Cedar–Riverside PAC's most recent election. If we were to have received a complaint we would have investigated it and taken any action that might be deemed appropriate.
>
> *If a neighborhood group were to violate its by-laws* by not giving proper notice for an election, or any other violation, *the MCDA would most likely require that a new election be held.* This was the case with the Seward Neighborhood Group several years ago.

(Emphasis added.)

Since, on appeal, this court must "view the facts alleged in the pleadings and affidavits in the light most favorable to the party who prevailed below," *OT Industries, Inc. v. OT–Tehdas Oy Santasalo–Sohlberg AB*, 346 N.W.2d 162, 165 (Minn. Ct.App.1984), we find no error in the court's determination that Dodge failed to exhaust his administrative remedies.

## DECISION

The trial court did not abuse its discretion by denying Dodge's motion for a temporary injunction when it found Dodge would be unlikely to prevail upon the mer-

its of his case at trial. Dodge is not a member of the nonprofit corporation and has no rights, as a member of that body, to challenge the April 1988 election. The court also did not err by basing its denial of the motion on Dodge's failure to exhaust his administrative remedies before seeking an injunction.

The decision of the trial court is affirmed. Pursuant to Minn.Stat. § 549.21, subd. 2 (1988), we award PAC attorney fees in the amount of $450.00 on this appeal.

Affirmed.