EVELYN BLOM v. MADSEN'S ENTERPRISES, INC.

215 N. W. 2d 791.

March 8, 1974—No. 44264.

*Evelyn Blom*, pro se, for relator.

*Warren Spannaus*, Attorney General, *Jonathan H. Morgan*, Solicitor General, *Peter C. Andrews*, Assistant Attorney General, and *Frank W. Levin*, Special Assistant Attorney General, for respondent commissioner.

Per Curiam.

Relator has been partially disqualified from receiving unemployment benefits for misconduct as defined by Minn. St. 268.09, subd. 1(1), and seeks review of that decision of the commissioner of manpower services.[1] We affirm.

Relator was employed as a dishwasher in a cafeteria at Madsen's Super Valu Store in Fairmont, Minnesota, on March 18, 1972, when she was discharged for refusing to perform a task within her assigned duties. A claims deputy found the discharge not justified. However, the appeal tribunal and commissioner concluded that her behavior constituted "misconduct."

We hold that the facts justify the commissioner's conclusion. The test for determining whether an employee's conduct constitutes "misconduct" is whether it evinces "such wilful or wanton disregard of an employer's interests as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect of his employee, or in carelessness or negligence of such degree or recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer." Tilseth v. Midwest Lbr. Co. 295 Minn. 372, 374, 204 N. W. 2d 644, 646 (1973). Under this standard the commissioner was correct in concluding that relator was subject to partial disqualification.

Affirmed.

---

[1] Now commissioner of employment services. L. 1973, c. 254, § 1.