Mark A. **HOEMBERG** and Ronald R. Weishalla, Relators,

v.

**WATCO PUBLISHERS, INC.,** Respondent.

No. C6-83-1166.

Court of Appeals of Minnesota.

Feb. 1, 1984.

Lynn A. Hayes, Little Falls, for relators.

Hubert H. Humphrey, III, Atty. Gen., Paul N. Heckt, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Heard, considered and decided by PARKER, P.J., and WOZNIAK and LANSING, JJ.

## OPINION

PARKER, Judge.

Relators Mark A. Hoemberg and Ronald R. Weishalla appeal, by writ of certiorari, a decision by the commissioner of Economic Security that they were discharged from their employment because of misconduct and therefore are disqualified from receiving unemployment compensation. Their claims were consolidated for purposes of appeal. We reverse.

Both Hoemberg and Weishalla worked as full-time pressmen for Watco Publishers, Inc., until February 28, 1983. Watco had no set policy on when breaks were to be taken or how long they were to be.

Watco's Employees' Handbook given to both Hoemberg and Weishalla contains the following company disciplinary procedure:

> *Discipline:* There shall be three forms of formal discipline: Verbal Warning, Written Warning, Final Warning. Warnings will be issued for infractions of any of the company policies. * * *
>
> The employee will be told specifically, leaving no doubt, when receiving discipline. * * *
>
> Numerous infractions may result in a termination. The warning procedure need not be followed for a serious infraction, there can be immediate termination.

Following complaints by Watco's board of directors about employees doing personal errands on company time, Watco's general manager called all of the employees together at a meeting on September 9, 1982. At the meeting, the general manager outlined basic policies of Watco and some of the problems. On November 1, 1982, the manager called another general meeting and again spelled out the policies.

On January 3, 1983, the manager posted a notice to all employees. The notice included, among some nine work rule specifications, the following:

No personal errands will be done on company time.

If an employee leaves the plant for any reason, break or otherwise, I am to be told.

All employees will punch out for lunch.

\*　　\*　　\*　　\*　　\*　　\*

This letter can be considered a final warning and all future violations will be dealt with accordingly.

On Friday, February 25, 1983, Hoemberg and Weishalla left the plant and went downtown for a coffee break without informing the manager they were leaving the premises. Without receiving any warning, they were discharged from their employment the following Monday, February 28, 1983.

The claims deputy denied their unemployment compensation claims, but the appeal tribunal reversed. The commissioner's representative then reversed the appeal tribunal, ruling that Hoemberg and Weishalla had committed misconduct. This appeal followed.

■ Individuals are disqualified from receiving unemployment compensation benefits if they have been discharged for misconduct. Minn.Stat. § 268.09, subd. 1(2) (1982). Under Minnesota law:

\* \* \* [T]he intended meaning of the term 'misconduct' \* \* \* is limited to conduct evincing such wilful or wanton disregard of an employer's interests as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect of his employee, or in carelessness or negligence of such degree or recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer. On the other hand mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, inadvertencies or ordinary negligence in isolated instances, or good-faith errors in judgment or discretion are not to be deemed 'misconduct' \* \* \*.

*Tilseth v. Midwest Lumber Co.*, 295 Minn. 372, 375, 204 N.W.2d 644, 646 (1973).

This court has applied the *Tilseth* standard in misconduct cases such as *Group Health Plan, Inc. v. Lopez*, 341 N.W.2d 294 (Minn.App.1983), and *King v. Little Italy*, 341 N.W.2d 896 (Minn.App.1984).

■ The commissioner held that the employees knew or should have known that their failure to inform the manager when they left the plant would lead to their dismissal and their actions thus constituted misconduct. Although our scope of review is limited, *White v. Metropolitan Medical Center*, 332 N.W.2d 25 (Minn.1983), upon review, we find there is no evidence to sustain this holding because the employees did not know the handbook provisions on discipline would not be followed.

The employee handbook and its provisions are enforceable as part of the employment agreement. *Pine River State Bank v. Mettille*, 333 N.W.2d 622 (Minn.1983). The provisions are more than mere general statements of policy—they are conditions of employment.

The disciplinary provisions in the Watco handbook provided for three forms of discipline—Verbal Warning, Written Warning and Final Warning. The handbook also provided that the employee would be told specifically when receiving discipline, indicating the warnings were to be *individual* warnings. Although two general oral warnings and a general written warning posted over the time clock were given to all employees, the employees still could reasonably expect the company to follow the handbook provisions on individual warnings for discipline.

The commissioner asserts that the handbook provisions were followed in this case because no warning is required for a *serious* infraction under the handbook rules. This contention is totally without merit.

The record shows that Watco's general manager admitted that the employees' work rule violations considered here were not "serious" enough infractions to warrant immediate termination. Even if he had, to allow the employer to call every violation of a work rule a serious infraction would circumvent the procedural protections of the employees' handbook and make a mockery of the rights contractually granted to employees.

"While the violation of a work rule may well justify the discharge of an employee, such a violation does not necessarily amount to misconduct for unemployment compensation purposes." *Fitzgerald v. Globe-Union, Inc.*, 35 Wis.2d 332, 339, 151 N.W.2d 136, 140 (1967). Here, there is evidence that the employees had notice of the disciplinary procedures in the handbook and had every right to expect the company would follow those procedures. We hold that the actions of the employees in this case did not rise to the level of misconduct under Minn.Stat. § 268.09, subd. 1(2).

Reversed.