Bobby **LITTLE**, Relator,

v.

**LARSON BUS SERVICE**, Respondent,

and

**Commissioner of Economic
Security**, Respondent.

No. C4-84-849.

Court of Appeals of Minnesota.

Aug. 7, 1984.

Bobby Little, pro se.

Hubert H. Humphrey, III, Atty. Gen., Laura E. Mattson, Sp. Asst. Atty. Gen., St. Paul, for respondents.

Considered and decided by HUSPENI, P.J., and NIERENGARTEN and RANDALL, JJ., with oral argument waived.

## OPINION

NIERENGARTEN, Judge.

Relator Bobby Little appeals in a writ of certiorari from a decision of the Commissioner of Economic Security. The Commissioner ruled that relator was discharged from his employment due to misconduct and was, therefore, disqualified from receiving unemployment compensation benefits pursuant to Minn.Stat. § 268.09, subd. 1(1) (Supp.1983). We affirm.

## FACTS

Relator was employed by respondent Larson Bus Service from 1981–83 as a school bus driver. On December 19, 1983, he requested to be excused from work the week of December 19 to attend a ministerial conference. The request was denied but relator attended the conference anyhow. He was replaced on January 3, 1984.

Relator filed a claim for unemployment compensation benefits. A claims deputy determined he had voluntarily discontinued his employment without good cause attributable to his employer, and a department referee affirmed. A representative of the Commissioner, modifying the referee's decision, concluded relator was properly discharged due to misconduct.

## ISSUE

Does the record support the decision of the Commissioner of Economic Security that relator was discharged from his employment due to misconduct and was, therefore, properly disqualified from receiving benefits pursuant to Minn.Stat. § 268.09, subd. 1(1) (Supp.1983)?

## ANALYSIS

The question of whether an employee has been voluntarily or involuntarily terminated is a question of fact. The findings of the Commissioner are reviewed in the light most favorable to the decision and will not be disturbed if there is evidence reasonably tending to support it. *Group Health Plan, Inc. v. Lopez*, 341 N.W.2d 294, 296 (Minn.Ct.App.1983).

Relator claims his failure to report to work did not rise above a good faith

error of judgment. He is wrong. Failure to report to work is misconduct within the meaning of the Employment Services Law. *Moeller v. Minnesota Dep't of Transp.*, 281 N.W.2d 879, 882 (Minn.1979). The employer has a right to expect an employee to work when scheduled. *Smith v. American Indian Chem. Dependency*, 343 N.W.2d 43, 45 (Minn.Ct.App.1984).

Relator also claims that if he had "blown his stack" when the employer refused his leave request, he would not have been disqualified from benefits because of the isolated "hotheaded incident" rule. That rule was enunciated in *Windsperger v. Broadway Liquor Outlet*, 346 N.W.2d 142 (Minn.1984) wherein the supreme court held that "an isolated hotheaded incident which does not interfere with the employer's business is not misconduct ... justifying a denial of unemployment compensation benefits." *Id.* at 45. He is again wrong. The rule is limited to single incidents where an employee acts in the heat of the moment. It does not include a deliberate, rational decision not to report to work. *Id.*

### DECISION

The Commissioner's decision disqualifying relator from unemployment benefits is affirmed.