**William DANIELS, Relator,**

v.

**GNAN TRUCKING, Respondent,**

**Commissioner of Economic Security, Respondent.**

No. C6–84–691.

Court of Appeals of Minnesota.

Aug. 14, 1984.

Martin A. Diaz, Minneapolis, for relator.

Steven Hanson, Brainerd, for respondent Gnan Trucking.

Hubert H. Humphrey, III, Atty. Gen., Peter C. Andrews, Sp. Asst. Atty. Gen., St. Paul, for respondent Com'r of Economic Security.

Considered and decided by POPOVICH, C.J., and PARKER and CRIPPEN, JJ., with oral argument waived.

## OPINION

POPOVICH, Chief Judge.

Relator William Daniels seeks review of a decision by the Commissioner of Economic Security denying unemployment compensation benefits to him on the basis of misconduct. We affirm.

## FACTS

Relator was employed by respondent Gnan Trucking, Inc. as a semi-truck driver from November 1982 until his discharge on November 17, 1983. He was paid at the rate of 18 cents per mile traveled. Drivers were required to assist in unloading vehicles when necessary. Relator and other drivers had done so in the past.

On November 17, 1983, upon his arrival in St. Paul with a trailer load of goods, relator refused to hand unload the goods from the trailer. He was then instructed by his dispatcher to drop the trailer off at a trailer dropoff point and return the tractor to Gnan's in Brainerd. Upon return to Brainerd, relator was discharged.

In order to unload the trailer and complete delivery, Gnan was required to dispatch another driver and truck from Brainerd to St. Paul.

## ISSUE

Was relator's refusal to unload his semi-trailer without assistance misconduct disqualifying him from unemployment compensation benefits pursuant to Minn.Stat. § 268.09, subd. 1(2) (Supp.1983)?

## ANALYSIS

■ 1. This court's scope of review is limited. In an economic security case:

The narrow standard of review requires that findings be reviewed in the light most favorable to the decision, and if there is evidence reasonably tending to sustain them, they will not be disturbed.

*White v. Metropolitan Medical Center,* 332 N.W.2d 25, 26 (Minn.1983) (citing *Booher v. Transport Clearings of Twin Cities, Inc.,* 260 N.W.2d 181, 1983 (Minn.1977); *see also Group Health Plan, Inc. v. Lopez,* 341 N.W.2d 294, 296 (Minn.Ct.App.1984).

■ 2. It is undisputed that relator refused to unload the cargo in St. Paul. Relator and Gnan agree relator had been informed he was required to assist in unloading and he had, on earlier occasions, unloaded non-palletized loads. The November 17 load was palletized and the bill of lading indicated the driver was to assist in unloading. Relator maintains his refusal to unload was justified because he was merely required to assist in unloading and not to unload alone. This argument is not persuasive since relator had unloaded alone in the past.

3. Minn.Stat. § 268.09, subd. 1(2) (Supp. 1983) disqualifies a person from unemployment compensation benefits when the individual is discharged for misconduct "connected with his work or for misconduct which interferes with and adversely affects his employment."

Relator's conduct indicates a willful disregard of his employer's interests "as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect of his employee * * *." *Tilseth v. Midwest Lumber Co.,* 295 Minn. 372, 374–375, 204 N.W.2d 644, 646 (1973) (quoting *Boynton Cab Co. v. Neubeck,* 237 Wis. 249, 259, 296 N.W. 636, 640 (1941).

4. Although the refusal to unload was a single incident, it was a deliberate act of insubordination rather than a single "hot headed" incident the Minnesota Supreme Court determined was not misconduct in *Windsperger v. Broadway Liquor Outlet,* 346 N.W.2d 142 (Minn.1984). In view of the narrow standard of review and evi-

dence to sustain the Commissioner's decision, we are required to affirm.

## DECISION

Relator's refusal to unload his semi-trailer as required by his employer was misconduct disqualifying relator from unemployment compensation benefits pursuant to Minn.Stat. § 268.09, subd. 1(2) (Supp.1983). The decision of the Commissioner of Economic Security denying benefits is, accordingly, affirmed.

**Affirmed.**