Marla Snodgrass, pro se.

Dale E. Beihoffer, Faegre & Benson, Minneapolis, for Oxford Properties, Inc.

Hubert H. Humphrey, III, Atty. Gen., Peter C. Andrews, Sp. Asst. Atty. Gen., St. Paul, for Commissioner of Economic Security.

Considered and decided by POPOVICH, C.J., and PARKER and CRIPPEN, JJ., with oral argument waived.

### Marla SNODGRASS, Relator,

v.

### OXFORD PROPERTIES, INC., Respondent,

and

### Commissioner of Economic Security, Respondent.

### No. C3-84-762.

Court of Appeals of Minnesota.

Sept. 4, 1984.

## OPINION

POPOVICH, Chief Judge.

Relator Marla Snodgrass appeals the determination of the Commissioner of Economic Security that she was discharged for misconduct and ineligible for unemployment compensation benefits pursuant to Minn.Stat. § 268.09, subd. 1(2) (Supp.1983). We affirm.

## FACTS

Relator was employed by respondent Oxford Properties as a security guard from January 20, 1983 until her dismissal on October 4, 1983. About September 29, 1983, relator's supervisor asked her to re-

port to his office to discuss several complaints about her job performance. Relator refused to go to his office because she claimed he was harassing her. She also refused to respond to questions regarding the complaints. On October 5, 1983, relator met with the employer's operations manager who supervised the security division. Relator stated she would not talk with her supervisor or take orders from him. She was discharged.

### ISSUE

Does the record support the decision of the Commissioner of Economic Security that relator was discharged for misconduct and is disqualified from the receipt of unemployment compensation benefits pursuant to Minn.Stat. § 268.09, subd. 1(2) (Supp. 1983)?

### ANALYSIS

The Commissioner of Economic Security determined relator's behavior was insubordination and misconduct. Minn.Stat. § 268.09, subd. 1(2), provides for the disqualification of a person from the receipt of unemployment compensation benefits when:

> discharged for misconduct, not amounting to gross misconduct connected with his work or for misconduct which interferes with and adversely affects his employment.

*Id.*

Relator claims she refused to cooperate because her supervisor was harrassing her. She has, however, failed to prove this claim. Her failure to cooperate with her employer indicates a willful disregard of her employer's interests "as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect of his employee * * *." *Tilseth v. Midwest Lumber Co.*, 295 Minn. 372, 374–75, 204 N.W.2d 644, 646 (1973) (quoting *Boynton Cab Co. v. Neubeck*, 237 Wis. 249, 259, 296 N.W. 636, 640 (1941)). An employee has the duty to meet with the employee's supervisor to discuss com-

plaints regarding the employee's job performance.

### DECISION

Because of her misconduct, relator was properly denied unemployment compensation benefits pursuant to Minn.Stat. § 268.09, subd. 1(2) (Supp.1983). The decision of the Commissioner of Economic Security is affirmed.

Affirmed.