**Peter G. NEIHART, Respondent,**

v.

**HAYES CONTRACTORS, INC., Relator,**

**Commissioner of Economic Security, Respondent.**

**No. C1-84-1456.**

Court of Appeals of Minnesota.

Nov. 6, 1984.

Michael A. Welch, Forest Lake, for Neihart.

Terence M. Fruth, Kristin L. Arneson, Fredrikson & Byron, P.A., Minneapolis, for Hayes Contractors, Inc.

Laura E. Mattson, Sp. Asst. Atty. Gen., St. Paul, for Com'r of Economic Sec.

**SUMMARY OPINION**

POPOVICH, Chief Judge.

**FACTS**

Respondent Peter Neihart was discharged from his employment with relator Hayes Contractors, Inc. for taking an extended lunch without permission from his employer. It involved a single 2½ hour absence at a restaurant near the job site with a union representative. The Commissioner of Economic Security determined the discharge was for reasons other than misconduct and Neihart was not disqualified from receiving unemployment compensation benefits, citing Minn.Stat. § 268.09, subd. 1(2) (Supp.1983); *Tilseth v. Midwest*

*Lumber Co.,* 295 Minn. 372, 204 N.W.2d 644 (1973). *Hoemberg v. Watco,* 343 N.W.2d 676 (Minn.Ct.App.1984).

## DECISION

In economic security cases, this court's scope of review is limited. Reviewing the findings in the light most favorable to the decision, we find the evidence reasonably tends to sustain the Commissioner's findings. *White v. Metropolitan Medical Center,* 332 N.W.2d 25, 26 (Minn.1983); *Group Health Plan, Inc. v. Lopez,* 341 N.W.2d 294, 296 (Minn.Ct.App.1983).

*Moeller v. Minnesota Department of Transportation,* 281 N.W.2d 879, 882 (Minn.1979), and *Smith v. American Indian Chemical Dependency Diversion Project,* 343 N.W.2d 43, 45 (Minn.Ct.App. 1984), recognized that absenteeism from work is misconduct. However, those cases dealt with relatively long-term absences without any explanation or notice given and are distinguishable from this matter where the employer knew where Neihart was.

Affirmed.