**Joanne M. WESLEY, Relator,**

v.

**DURANCE CORPORATION, Department of Economic Security, Respondents.**

**No. CO–84–1965.**

Court of Appeals of Minnesota.

March 12, 1985.

Joanne M. Wesley, pro se.

Durance Corporation, pro se.

Hubert H. Humphrey, III, Atty. Gen., Laura E. Mattson, Sp. Asst. Atty. Gen., St. Paul, for Department of Economic Security.

Considered and decided by POPOVICH, C.J., and WOZNIAK and SEDGWICK, JJ., with oral argument waived.

## SUMMARY OPINION

WOZNIAK, Judge.

Joanne Wesley appeals from the determination of the Commissioner of Economic Security that she voluntarily terminated her employment without good cause attributable to the employer and was disqualified from the receipt of unemployment compensation benefits pursuant to Minn.Stat. § 268.09, subd. 1(1) (1984).

Wesley was employed by respondent Durance Corporation (Durance) from July 1, 1983 through June 15, 1984 as a live-in cook/housekeeper on a six-day work week basis. On May 7, 1984, because she felt she was working too many extra days, Wesley proposed to Durance that she work a five-day week. Durance agreed to the

proposal on a temporary basis and reduced Wesley's salary accordingly. One week later, Wesley's employment was terminated.

At the hearing, the parties submitted conflicting evidence as to the termination. Durance stated that Wesley was given the choice of returning to her previous schedule or terminating. Wesley stated that she was given no choice and was merely fired. The hearing referee chose to believe Durance and the Commissioner of Economic Security affirmed.

## DECISION

The question of whether an employee has been voluntarily or involuntarily separated from employment is a question of fact. *Little v. Larson Bus Service,* 352 N.W.2d 813, 814 (Minn.Ct.App.1984). The conflicting testimony of the parties was properly weighed by the Commissioner and, on review, we may not weigh the evidence and determine where the preponderance lies. *Nyberg v. R.N. Cardozo & Brother, Inc.,* 243 Minn. 361, 364, 67 N.W.2d 821, 823 (1954). There is sufficient evidence in the record to support the findings of the Commissioner and they are not disturbed. *White v. Metropolitan Medical Center,* 332 N.W.2d 25 (Minn.1983).

Wesley raises a new argument on appeal that her employer significantly changed the terms and conditions of her employment prior to the termination. Because this issue was not raised before the Commissioner, it may not be raised for the first time on appeal. *Eakman v. Brutger,* 285 N.W.2d 95, 97 (Minn.1979).

The determination of the Commissioner of Economic Security is accordingly affirmed.

Affirmed.