Edward JAAKOLA, Relator,

v.

DULUTH/SUPERIOR AREA EDUCATIONAL TELEVISION CORPORATION, Department of Economic Security, Respondents.

No. CO–85–1121.

Court of Appeals of Minnesota.

Sept. 24, 1985.

Douglas P. Johnson, Legal Aid Service of N.E. Minnesota, Duluth, for relator.

Duluth/Superior Area Educational Television Corp., pro se.

Hubert H. Humphrey, III, State Atty. Gen., Peter C. Andrews, Asst. Atty. Gen., St. Paul, for Dept. of Economic Sec.

Considered and decided by POPOVICH, C.J., and SEDGWICK and LANSING, JJ., with oral argument waived.

## OPINION

SEDGWICK, Judge.

Following a hearing, a referee found that relator had voluntarily terminated his employment without good cause and was disqualified from unemployment compensation benefits. A Commissioner's representative affirmed, and relator requested review of the Commissioner's decision. We affirm.

## FACTS

Relator Edward Jaakola was employed by the Duluth/Superior Area Educational Television Corporation (employer) as a broadcast engineer from March 2, 1981 to January 15, 1985. The employer's policy was to allow employees to accrue one day of sick leave a month. Relator was ill and absent from work January 1, 2, 3, and 4, 1985. The parties disagreed over the amount of sick leave accumulated by Jaakola. Relator believed he had six days as of January 1, 1985, while the employer's records showed only one day of paid leave. Relator was informed on January 14 that because "it appeared" he had only accrued one day of sick leave, he would not be paid for three of the days missed. On January 15, relator discussed the problem with the employer's general manager. The general manager was in the process of investigating relator's time records. Although a final decision had not been made, Jaakola's January 15 paycheck did not reflect payment for those days. That evening relator voluntarily terminated his employment because he had not been paid for the three days of sick leave. The following day the employer decided to give relator the benefit of the doubt and pay him for the three days.

When relator applied for unemployment compensation benefits, a claims deputy determined he had voluntarily terminated his employment and had not demonstrated that the employer violated any policy or duty to him. A referee agreed, concluding:

> The claimant and the employer were still in the process of investigating past records and trying to determine whether the claimant was entitled to sick leave when he quit his job. The employer had not told the claimant that he definitely would not receive the sick leave for the three days in question. The referee feels that the claimant quit before the employer had an opportunity to fully investigate the issue of whether he was entitled to the sick leave.

Relator appealed, and a Commissioner's representative affirmed, stating:

> We do not find the employer's actions in the present case to be unfair or unreasonable. The employer simply concluded that [relator] did not have sufficient leave time accrued. The claimant disagreed * * *.
>
> *  *  *  *  *  *
>
> It appears to us that there was basically a misunderstanding and a miscalculation between the parties concerning how many days [relator] had accrued * * *. We are not convinced that the claimant took reasonable steps to clarify this situation by further discussions with the employer or by allowing the employer addi-

tional time to recheck its records. We are further convinced that [relator] has not established good cause attributable to the employer * * *.

## ISSUES

1. Did relator voluntarily discontinue his employment without good cause attributable to his employer?

2. Did the Commissioner's representative fail to make an essential finding of fact regarding relator's entitlement to additional sick leave?

## ANALYSIS

### I.

■ An employee is disqualified from receiving unemployment compensation benefits if he "voluntarily and without good cause attributable to the employer discontinued his employment with such employer." Minn.Stat. § 268.09, subd. 1(1) (1984). Because relator voluntarily discontinued his employment, he has the burden of proving that he left for "good cause" attributable to the employer. *Marz v. Dept. of Employment Services*, 256 N.W.2d 287, 290 (Minn.1977). Good cause attributable to the employer was discussed by our supreme court in *Ferguson v. Dept. of Employment Services*, 311 Minn. 34, 247 N.W.2d 895 (Minn.1976):

> In order to constitute good cause, the circumstances which compel the decision to leave employment must be real, not imaginary, substantial not trifling, and reasonable, not whimsical; there must be some compulsion produced by extraneous and necessitous circumstances. The standard of what constitutes good cause is the standard of reasonableness as applied to the average man or woman, and not to the supersensitive * * *.

*Id.* 247 N.W.2d at 900, note 5 (quoting from 81 C.J.S. Social Security and Public Welfare § 167 [now 81 C.J.S. § 226 (1977)]).

■ The evidence supports the Commissioner's conclusion that when relator left the employer was still in the process of investigating relator's time records to de-termine whether an error had been made. The employer's actions were based upon an honest belief that three additional days of sick leave had not been accumulated. An employee's reasonable response to the situation would have been to rely on further investigation and discussion to clear up the misunderstanding. We agree with the Commissioner's representative that relator's decision to quit because of the misunderstanding was premature.

■ Relator argues that as a matter of law he had good cause to quit, relying upon Minn.Stat. § 181.79 (1984), which states:

> No employer shall make any deduction from the wages due or earned by any employee, who is not an independent contractor, for lost or stolen property, damage to property, or to recover any other claimed indebtedness running from employee to employer, unless the employee, after the loss has occurred or the claimed indebtedness has arisen, voluntarily authorizes the employer in writing to make the deduction or unless the employee is held liable in a court of competent jurisdiction for the loss or indebtedness.

The plain language of this statute indicates, however, that it applies to a "deduction from wages" for a "claimed indebtedness" of an employee. Here the employer did not claim the deducted amount was owed by relator; rather, the employer simply refused to pay relator for a leave which its records indicated was not compensable. The above statute is not applicable in the present situation.

■ Since relator's argument that the employer violated Minn.R. 3315.3800 (1984) relating to an employer's duty to maintain adequate records was not presented below, it is improperly raised on appeal. *Wesley v. Durance Corp.*, 363 N.W.2d 858 (Minn. Ct.App.1985).

### II.

■ The failure of Commissioner's representative to make an essential finding regarding his entitlement to additional sick leave does not invalidate the conclusion

that relator quit without giving his employer a reasonable opportunity to determine the validity of his claim.

### DECISION

Relator did not demonstrate the requisite "good cause" for quitting which would entitle him to unemployment compensation benefits.

Affirmed.