**Rodney G. HERREID, Relator,**

v.

**MOORE DATA MANAGEMENT SER-VICES, etc., Department of Jobs and Training, Respondents.**

**No. C0-86-478.**

Court of Appeals of Minnesota.

Aug. 26, 1986.

Kenneth Corey-Edstrom, Curtin, Mahoney & Cairns, Minneapolis, for relator.

Moore Data Management Services, pro se.

Hubert H. Humphrey, III, Atty. Gen., Donald E. Notvik, Sp. Asst. Atty. Gen., St. Paul, for respondents.

Heard, considered and decided by LANSING, P.J., and PARKER and NIERENGARTEN, JJ.

## OPINION

LANSING, Judge.

Relator requests review of a determination that he was discharged for misconduct. We affirm.

## FACTS

In 1984, Moore Data Management Services adopted a vacation policy requiring employees to use vacation earned before July 1 by the end of that calendar year. The policy was not enforced in 1984, and Rodney Herreid, who had worked at Moore Data for many years, was allowed to carry over accrued vacation into 1985.

On at least four occasions in 1985, Herreid submitted requests for vacation. Three of those requests were denied because of the company's production requirements. By autumn 1985 Herreid had accrued approximately eight weeks of vacation.

In October 1985, Herreid's supervisor asked that Herreid be allowed to carry over his accrued vacation time into 1986. At a meeting held on November 1, 1985, the human resources director of Moore Data asked Herreid if he would accept pay instead of vacation time. Herreid refused, saying that he wanted the time off. The director finally agreed to carry over the time into 1986; however, Herreid stated that he wanted the agreement in writing.

When Herreid returned from a business trip on November 6, 1985, the memorandum had not been prepared. He went home, and in a telephone conversation later that day, his supervisor told him that he should return to work as scheduled. Herreid did not return to work on the 7th, 8th or 11th of November, although he had not obtained permission to be absent. On November 11 his supervisor and the human resources director told him that if he did not return to work, his absence would be considered a voluntary resignation. Herreid said that he would not return until he received written documentation that he could carry over his accrued vacation time. On November 12 Herreid was again told to report to work. When he did not appear by the end of the day, he was discharged.[1]

## ISSUES

1. Was Herreid's absence from work justified, or did it constitute misconduct?

2. Did Moore Data fail to comply with its own disciplinary procedures when it terminated Herreid?

## ANALYSIS

### I

This court has previously held that an employee's unauthorized absence from work may constitute misconduct. *See Little v. Larson Bus Service,* 352 N.W.2d 813 (Minn.Ct.App.1984); *Poepke v. Downtown Standard,* 356 N.W.2d 812 (Minn.Ct.App. 1984). In addition, an employee's refusal to meet with his employer to discuss problems may constitute misconduct. *See Snodgrass v. Oxford Properties, Inc.,* 354 N.W.2d 79 (Minn.Ct.App.1984); *Woodward v. Interstate Office Systems,* 379 N.W.2d 177 (Minn.Ct.App.1985).

Herreid claims that because his requests to take vacation were denied, his only recourse was to stand up for his rights. Herreid was promised that he could carry his vacation time into 1986. Although the employer's failure to prepare the requested written memorandum justifiably caused Herreid concern, he caused his discharge by refusing to discuss the problem and failing to return to work. The Commissioner's representative found that Herreid did not prove a basis for distrusting his employer, and the record reasonably sustains that finding. *White v. Metropolitan*

---

1. Although Moore Data contended that Herreid voluntarily terminated his employment, there is no evidence that Herreid intended to resign. The record supports Herreid's intention to continue his employment with Moore Data, but also to receive a written assurance that he would be able to carry over his earned vacation.

*Medical Center,* 332 N.W.2d 25, 26 (Minn. 1983).

Given this finding, Herreid's refusal to return to the office to discuss the problem evidences an "intentional and substantial disregard for his employer's interests" and constitutes misconduct under *Tilseth v. Midwest Lumber Co.,* 295 Minn. 372, 374–75, 204 N.W.2d 644, 646 (1973).

## II

■ Herreid also claims that Moore Data failed to comply with its own disciplinary rules, citing *Hoemberg v. Watco Publishers, Inc.,* 343 N.W.2d 676 (Minn.Ct.App. 1984). In *Hoemberg* the provisions outlined in an employee handbook provided for three forms of discipline: a verbal warning, a written warning and a final warning. The handbook also provided for specific individual warnings. This court held that the provisions were conditions of employment, rather than mere general statements of policy, and concluded that misconduct could not be found where the employer had violated its own conditions of employment.

The provisions at issue in Moore Data's employee handbook[2] do not require the progressive disciplinary measures in *Hoemberg.* Moore Data's handbook alerts the employee to the general attendance policy, but does not create a disciplinary procedure as part of an employment contract.

## DECISION

Herreid engaged in misconduct when he refused to work as requested. Moore Data's disciplinary provisions did not constitute specific conditions of employment.

**Affirmed.**

2. The relevant portion of the employee handbook states:
ATTENDANCE. Regular attendance and punctuality of all employees is vital to the company and your fellow employees. Excessive absenteeism and tardiness interfere with the orderly operation of the company.
If it is necessary for you to be absent, you must notify your supervisor or the switchboard operator to relay the message to your supervisor or appropriate personnel in your department prior to the start of your scheduled work shift. An unexcused absence or tardiness is a serious matter which may result in disciplinary action. If you are absent from work for three (3) consecutive work shifts without notifying your supervisor, you will be considered to have voluntarily resigned unless the company feels circumstances were beyond your control.