**DIEBOLD, INCORPORATED,**
Respondent,

v.

**ROADWAY EXPRESS, INC., Appellant.**

No. C9–95–793.

Court of Appeals of Minnesota.

Oct. 3, 1995.

See also 1995 WL 379117.

Richard P. Mahoney, Kenneth P. Gleason, Mahoney, Dougherty & Mahoney, Minneapolis, for respondent.

Michael S. Kreidler, Stich, Angell, Kreidler & Muth, Minneapolis, for Appellant.

Considered and decided by RANDALL, P.J., and NORTON and DAVIES, JJ.

## OPINION

NORTON, Judge.

In this action by Diebold, Incorporated (Diebold) against Roadway Express, Inc. (Roadway) for contribution and indemnity, the district court determined that Roadway was liable for ten percent of Diebold's attor-

ney fees incurred in defending the underlying action. Roadway has appealed from the judgment, and Diebold has filed a notice of review, requesting 100% of its attorney fees incurred in defending the underlying action. Diebold also challenges the district court's denial of its request for attorney fees incurred in pursuing this action against Roadway for contribution and indemnity. We reverse the award of attorney fees incurred by Diebold in defending the underlying action, and we affirm the denial of attorney fees incurred by Diebold in pursuing this action for contribution and indemnity.

## FACTS

Diebold, a manufacturer of safes, shipped a safe via Roadway to Diversified Bank Installations (DBI). On January 2, 1991, a DBI employee, Jerald Williams, unpacked the safe and was severely injured when the safe fell on his legs.

Williams sued Diebold, claiming that Diebold had defectively packed the safe for shipping. Diebold joined DBI as a third-party defendant, claiming that DBI had negligently moved the safe and damaged the packaging, contributing to Williams' injury.

On March 22, 1993, Diebold tendered its defense of the Williams action to Roadway, claiming that Roadway had negligently damaged the safe's packaging during shipment. Shortly thereafter, Diebold sued Roadway for contribution and indemnity. On April 14, 1993, Roadway declined to assume Diebold's defense of the Williams action.

On May 3, 1993, Diebold settled its claims against DBI. On May 4, 1993, Diebold settled with Williams for $1,800,000. Roadway was not a party to the settlement, but the release discharged both Diebold and Roadway from any further liability as a result of Williams' injuries.

After Diebold settled with DBI and Williams, Diebold pursued its action against Roadway for contribution and indemnity. A jury issued a special verdict finding Williams 0% negligent, DBI 30% negligent, Diebold 60% negligent, and Roadway 10% negligent.

The district court ordered Roadway to pay Diebold 10% of Diebold's $1,800,000 settlement with Williams. The district court also ordered that Diebold pay Roadway's costs and disbursements. On appeal, this court affirmed. *Diebold, Inc. v. Roadway Express, Inc.*, No. C6–94–2460, 1995 WL 379117 (Minn.App. June 27, 1995).

In a separate order, the district court required Roadway to pay 10% of Diebold's attorney fees incurred in defending the action by Williams. The court denied Diebold's request for attorney fees incurred in suing Roadway for contribution and indemnity.

## ISSUES

1. Did the district court err by requiring Roadway to pay 10% of Diebold's attorney fees incurred in defending the lawsuit by Williams?

2. Did the district court err by refusing Diebold's request for attorney fees incurred in suing Roadway for contribution and indemnity?

## ANALYSIS

### I.

■ Roadway claims the district court erred by awarding Diebold 10% of its attorney fees incurred in defending the Williams action, because Diebold failed to tender its defense of the Williams action to Roadway in a timely manner. We agree with Roadway.

■ Under Minnesota law, a tender of defense is a condition precedent to an obligation to indemnify. *Seifert v. Regents of the Univ. of Minn.*, 505 N.W.2d 83, 87 (Minn. App.1993), *review denied* (Minn. Oct. 28, 1993). In *Seifert*, the court held that the district court erred by awarding attorney fees and costs incurred before the tender of defense. *Id.*

In *Sorenson v. Safety Flate, Inc.*, 306 Minn. 300, 308, 235 N.W.2d 848, 853 (Minn. 1975), the court suggested that where a defendant failed to tender a defense, thereby providing the co-defendant with no "opportunity to control the litigation," the defendant would not be entitled to attorney fees under theories of either contractual or common law indemnity.

Diebold did not tender its defense of the Williams action to Roadway until March 22, 1993. By then, all discovery had been completed and the pretrial conference had been held. Trial was scheduled to begin on April 19, 1993. Shortly thereafter, Diebold settled with Williams.

Diebold failed to tender the defense until the last minute and gave Roadway no opportunity to participate in the litigation. On this record, Diebold was not looking after the interests of Roadway. *See Jack Frost, Inc. v. Engineered Bldg. Components Co.* 304 N.W.2d 346, 353 (Minn.1981) (suggesting attorney fees are not recoverable under indemnity principles if the party who incurs those fees is defending his own malfeasance); *Fidelity & Casualty Co. v. Northwestern Tel. Exch. Co.*, 140 Minn. 229, 233, 167 N.W. 800, 802 (1918). Therefore, we conclude that Diebold was not entitled to reimbursement for attorney fees incurred in defending the Williams action.

 Diebold claims this issue is improperly raised for the first time on appeal. *See Jaakola v. Duluth/Superior Area Educ. Tel. Corp.*, 374 N.W.2d 215, 217 (Minn.App.1985) (denying review of issue not raised before lower court). Under limited circumstances, however, we may consider a new issue on appeal where the issue

> is decisive of the entire controversy and where there is no possible advantage or disadvantage to either party in not having a prior ruling on the question. No party is disadvantaged when the facts are undisputed.

*Harms v. Independent Sch. Dist. No. 300*, 450 N.W.2d 571, 577 (Minn.1990) (citations omitted). Here, the relevant dates are undisputed, and Diebold is not disadvantaged by the lack of a prior ruling on the issue of whether Diebold failed to tender its defense to Roadway in a timely manner.

## II.

Diebold claims the district court erred by refusing to award Diebold attorney fees incurred in suing Roadway for contribution and indemnity.

 When insurance is not involved, an indemnitee is not entitled to attorney fees and costs incurred to establish the right to indemnification, unless the parties' agreement expressly provides otherwise. *Seifert*, 505 N.W.2d at 86. Here, the parties' contract did not provide for the recovery of attorney fees upon an action for contribution and indemnity. Therefore, the district court properly refused to award Diebold attorney fees incurred in suing Roadway for contribution and indemnity.

### DECISION

Diebold is not entitled to attorney fees incurred in defending the action by Williams or in suing Roadway for indemnification and contribution.

**Affirmed in part and reversed in part.**