*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A15-0932**

Yer Vue,
Relator,

vs.

Surdyk's Flights Inc. – Surdyk's Flights Wine Market and Bar,
Respondent,

Department of Employment and Economic Development,
Respondent.

**Filed January 25, 2016**
**Affirmed**
**Reilly, Judge**

Department of Employment and Economic Development
File No. 33330278-3

Chue Vue, Vue Legal, LLC, St. Paul, Minnesota (for relator)

Surdyk's Flights Inc., Surdyk's Flights Wine Market and Bar, Maple Grove, Minnesota (respondent)

Lee B. Nelson, Department of Employment and Economic Development, St. Paul, Minnesota (for respondent Department of Employment and Economic Development)

      Considered and decided by Rodenberg, Presiding Judge; Schellhas, Judge; and Reilly, Judge.

UNPUBLISHED OPINION

**REILLY**, Judge

Relator Yer Vue challenges the denial of her claim for unemployment benefits on the grounds that the unemployment-law judge (the ULJ) erred in (1) concluding that she was discharged for employment misconduct and overturning earlier determination by the Minnesota Department of Employment and Economic Development (DEED); (2) concluding that she lacked good cause for missing the evidentiary hearing; and (3) failing to review a video recording. Because the ULJ's determinations are supported by substantial evidence in the record, we affirm.

## FACTS

Vue was employed full time as a manager with respondent-employer Surdyk's Flights Wine Market and Bar (Surdyk's) from August 11, 2010, to January 15, 2015. Two days before her termination, Vue submitted a request to general manager Taylor Surdyk to reduce her work schedule to 25 hours a week. On January 15, Taylor Surdyk tried to speak with Vue on several occasions about her request. Vue repeatedly refused. Vue ultimately relented and agreed to speak with Taylor Surdyk only after she was threatened with termination "on the spot" for insubordination. Vue walked to the office with Taylor Surdyk and two other employees to discuss her work schedule. Vue was "raising her voice," "getting really upset," and "yelling" as she walked toward the office, and told Taylor Surdyk that he was a "horrible person" and "did not know how to run a business." Vue asked if she could record the conversation, and Taylor Surdyk agreed. Taylor Surdyk told Vue that she was expected to work full-time hours as a manager. The parties could not

reach an agreement regarding Vue's work schedule and Taylor Surdyk discharged Vue from her employment.

Vue thereafter applied for unemployment benefits. On February 19, 2015, DEED issued a determination of eligibility finding that Surdyk's discharged Vue "due to insubordination or negative words or actions," but that Vue's conduct "was not a serious violation of the standards of behavior that the employer had the right to reasonably expect, or was a single incident that had no significant negative effect on the employment." DEED determined that Vue was eligible for unemployment benefits. Surdyk's appealed DEED's determination and the ULJ conducted a telephone hearing on March 4. Taylor Surdyk and three witnesses participated in the hearing on behalf of the employer. Vue did not participate in the hearing. The ULJ issued a decision on March 5 finding that "[t]he preponderance of the evidence shows that Vue was discharged because of employment misconduct." The ULJ concluded that Vue was ineligible to receive unemployment benefits. Vue requested reconsideration of the ULJ's decision and stated that she missed the hearing "due to being treated for low blood sugar." The ULJ denied Vue's reconsideration request, determining that she did not show good cause for missing the hearing and failed to provide "any further information, such as a doctor's note or medical documentation" regarding her low blood sugar. Vue appeals.

## DECISION

Vue argues that the ULJ erred by: (1) declining to schedule a new evidentiary hearing after Vue failed to participate in the original hearing; (2) determining that Vue was discharged for employment misconduct and was therefore ineligible to receive

3

unemployment benefits; and (3) not reviewing a video recording purporting to show the confrontation between Vue and her employer's general manager. We address each argument in turn.

## I.

We first consider whether the ULJ abused his discretion by declining to schedule a new hearing, as it may be dispositive of the appeal. Vue argues that the ULJ erred in concluding that she failed to show good cause for missing the evidentiary hearing. The ULJ must order an additional evidentiary hearing "if the party who failed to participate had good cause for failing to do so." Minn. Stat. § 268.105, subd. 2(d) (2014). "Good cause" is defined as "a reason that would have prevented a reasonable person acting with due diligence from participating in the hearing." *Id*. If the ULJ determines that the relator has not demonstrated good cause, the ULJ must "state that in the decision." *Id*. We defer to a ULJ's decision to grant or deny an additional evidentiary hearing and will reverse only if the ULJ abused his discretion. *Vasseei v. Schmitty & Sons Sch. Buses Inc.*, 793 N.W.2d 747, 750 (Minn. App. 2010).

The ULJ conducted a hearing on March 4. The ULJ attempted to telephone Vue twice and could not reach her. The ULJ therefore conducted the hearing without Vue and heard testimony from Surdyk's employees. Vue sought reconsideration of the decision and claimed that she missed the hearing because she was being treated for low blood sugar. The ULJ affirmed his earlier decision:

> [The ULJ] does not find that [Vue] had good cause for
> failing to participate in the hearing . . . . Vue states that she did
> not participate in the hearing because she was being treated for

4

> low blood sugar. Vue did not provide any further information, such as a doctor's note or medical documentation, to substantiate her reason for missing the hearing. Vue did not call the Department at any time prior to the hearing to reschedule due to any medical issues. Vue has not shown good cause for failing to participate in the hearing and a new hearing will not be ordered.

A reasonable person acting with due diligence would have contacted the ULJ in advance to reschedule the hearing or would have offered an explanation for why her medical treatment was "a reason that would have prevented a reasonable person acting with due diligence from participating at the evidentiary hearing." *Petracek v. Univ. of Minnesota*, 780 N.W.2d 927, 930 (Minn. App. 2010) (quoting Minn. Stat. § 268.015, subd. 2(d) (2008). Vue did not seek to reschedule the hearing in advance or provide documentation after the hearing. Vue did not establish good cause for failing to participate in the hearing. Moreover, the ULJ stated that any evidence offered through Vue's testimony would not have changed the outcome of the decision. We determine that the ULJ did not abuse his discretion by denying Vue's request to schedule a new evidentiary hearing.

**II.**

Next, Vue challenges the ULJ's misconduct determination. When reviewing an unemployment-insurance-benefits decision we may affirm, remand the case for further proceedings, or reverse and modify the decision if the substantial rights of the relator have been prejudiced because the conclusion, decision, findings, or inferences are affected by errors of law, unsupported by substantial evidence in view of the entire record, or are arbitrary or capricious. Minn. Stat. § 268.105, subd. 7(d) (Supp. 2015). An applicant who

5

is discharged for employment misconduct is ineligible for unemployment benefits. Minn. Stat. § 268.095, subd. 4 (2014). Employment misconduct is defined as "any intentional, negligent, or indifferent conduct, on the job or off the job that displays clearly: (1) a serious violation of the standards of behavior the employer has the right to reasonably expect of the employee; or (2) a substantial lack of concern for the employment." *Id.*, subd. 6(a) (2014). Whether an employee engaged in conduct that disqualifies the employee from unemployment benefits is a mixed question of fact and law. *Stagg v. Vintage Place Inc.*, 796 N.W.2d 312, 315 (Minn. 2011). Whether an employee committed a particular act is a question of fact viewed in the light most favorable to the ULJ's decision and affirmed if supported by substantial evidence. *Skarhus v. Davanni's Inc.*, 721 N.W.2d 340, 344 (Minn. App. 2006). But we review de novo the legal question of whether the particular act committed by the employee constitutes employment misconduct. *Id.*

Here, the general manager attempted to speak to Vue on multiple occasions about her request for reduced working hours and Vue repeatedly refused to speak with him. Refusing to abide by an employer's reasonable policies and requests ordinarily amounts to employment misconduct. *Schmidgall v. FilmTec Corp.*, 644 N.W.2d 801, 804 (Minn. 2002). Vue eventually spoke with the general manager only after she was threatened with immediate termination. DEED made a factual finding that Vue was discharged for "insubordination or negative words or actions." The ULJ found that Vue "refused to discuss her ability with [Taylor] Surdyk several times," called him a "horrible person," and told him he "did not know how to run a business." We defer to the ULJ's factual findings that Vue acted in an insubordinate manner.

Based on these facts, the ULJ concluded that "Vue's insubordinate conduct displayed clearly a serious violation of the standards of behavior that Surdyk's had a right to reasonably expect from its employees and displayed clearly a substantial lack of concern for employment." Our de novo review supports the ULJ's conclusion. An employee's insubordination may constitute misconduct. *Deike v. Gopher Smelting*, 413 N.W.2d 590, 592 (Minn. App. 1987). The general manager's request to speak with Vue was not unreasonable, particularly since he was following up on Vue's request for a reduced work schedule. Under these circumstances, Vue's response to the general manager's reasonable request constituted misconduct.

The ULJ also found that Vue was discharged because of her "unwillingness" to work her scheduled hours. An employer has the right to expect an employee to work when scheduled. *Smith v. Am. Indian Chem. Dependency Diversion Project*, 343 N.W.2d 43, 45 (Minn. App. 1984). The record shows that Vue indicated she would not work her full-time hours and wanted to be demoted to part-time employment. The general manager testified that Surdyk's needed a full-time manager to open or close the restaurant and Vue was hired to work full time. The ULJ determined that Vue "was not willing to work her scheduled full-time hours" and her refusal constituted misconduct. The record substantially supports the ULJ's determination that Vue's refusal to work her scheduled hours amounted to misconduct.

Vue argues that the confrontation was a "single incident." However, Minnesota no longer recognizes a single-incident exception. *Potter v. N. Empire Pizza, Inc.*, 805 N.W.2d 872, 875 (Minn. App. 2011), *review denied* (Minn. Nov. 15, 2011). The statute advises

7

that "[i]f the conduct for which the applicant was discharged involved only a single incident, that is an important fact that must be considered in deciding whether the conduct rises to the level of employment misconduct[.]" Minn. Stat. § 268.095, subd. 6(d) (2014). The ULJ did not err in determining that Vue's insubordinate actions constituted misconduct, even if it was a single incident.

## III.

Vue argues that the ULJ erred by not reviewing a videotaped recording from the date of her termination. Each party may present evidence during a ULJ hearing. Minn. R. 3310.2921 (2015). "All competent, relevant, and material evidence, including records and documents in the possession of the parties that are offered into evidence, are part of the hearing record." Minn. R. 3310.2922 (2015). In February 2015, Vue gave DEED a video recording of the events leading up to the confrontation with the general manager. During the hearing, the ULJ acknowledged that he had not listened to it. Vue argues the video was "crucial" to the case and "would likely change the outcome of the decision."

The ULJ must order a new evidentiary hearing if the party "shows that evidence which was not submitted at the evidentiary hearing would likely change the outcome of the decision and there was good cause for not having previously submitted the evidence," or that the new evidence would show the previously admitted evidence was likely false. Minn. Stat. § 268.105, subd. 2(c). We defer to a ULJ's decision to grant an additional evidentiary hearing and will reverse only for an abuse of discretion. *Id.*

Here, the better course would have been for the ULJ to review the video submitted in evidence. *See* Minn. R. 3310.2921 (stating ULJ "must ensure that all relevant facts are

8

clearly and fully developed"). However, the ULJ found that the video recording was irrelevant and "would not likely change the outcome of the decision," since it was recorded prior to Vue's confrontation with the general manager. The ULJ also found that "the new evidence would not show that the evidence submitted at the hearing was likely false." The ULJ heard testimony from the employer's witnesses and found the evidence produced by Surdyk's "more credible" than the evidence provided by Vue. We defer to the ULJ's credibility determinations when they are supported by substantial evidence and the ULJ sets forth a valid reason for crediting or discrediting testimony that may significantly affect the ultimate decision. *Ywswf v. Teleplan Wireless Servs., Inc.*, 726 N.W.2d 525, 533 (Minn. App. 2007); *see also* Minn. Stat. § 268.105, subd. 1a(a) (2015). The ULJ credited the testimony of the employer's witnesses because their testimony was "consistent and detailed," and the witnesses "corroborated each other's version of events." We determine that the ULJ did not abuse his discretion by declining to consider the videotape.

**Affirmed.**