**M.G.M. LIQUOR WAREHOUSE INTERNATIONAL, INC.,**
**Appellant,**

v.

**Bruce FORSLAND, et al., Respondents.**

**No. C5–85–191.**

Court of Appeals of Minnesota.

July 16, 1985.

**76** 

Thomas B. Humphrey, Jr., Minneapolis, for appellant.

Stephen D. Radtke, Bloomington, for respondents.

Considered and decided by POPOVICH, C.J., and PARKER, and FOLEY, JJ., with oral argument waived.

## OPINION

FOLEY, Judge.

M.G.M. Liquor Warehouse appeals the trial court's order denying a temporary restraining order to enjoin respondents' operation of a liquor store.

## FACTS

On December 15, 1983, M.D.L., Inc. purchased a franchise from M.G.M. Liquor Warehouse, International, Inc. for the operation of a retail liquor store in St. Louis Park. Respondents Dennis Lamoreaux and Bruce Forsland are the sole shareholders, directors and officers of M.D.L., Inc.

The franchise agreement contained covenants whereby the franchisee M.D.L. agreed 1) not to compete with M.G.M. by operating another off-sale retail liquor store either during the 20-year term of the agreement or for two years after termination or expiration of the agreement; and 2) to treat as confidential certain information received from M.G.M. Forsland and Lamoreaux also executed a personal guaranty, in which they agreed:

* * * to remain individually bound by all covenants, obligations and commitments of the Franchisee contained in the Franchise Agreement to the same extent as if each of the undersigned had individually executed the Franchise Agreement as Franchisee.

M.D.L. operated the store under the franchise agreement until September 5, 1984, when M.D.L. filed for reorganization under Chapter 11 of the Federal Bankruptcy Act.

On September 6, 1984, M.D.L., as debtor in possession, rejected the franchise agreement. The bankruptcy court approved that rejection in an order dated October 17, 1984. Since filing for reorganization, M.D.L. stopped using the name "M.G.M. Liquor Warehouse," and the store is now run under the name "Park Liquor Warehouse."

M.G.M. acknowledges that the trial court had no jurisdiction over M.D.L. because of the ongoing bankruptcy proceedings. However, it seeks to enjoin operation of the store by a temporary restraining order directed to the individual defendants, Forsland and Lamoreaux.

## ISSUES

1. Is the trial court's order denying the temporary restraining order appealable?

2. Did the trial court err in denying appellant's request for a temporary restraining order?

3. Is the Bankruptcy Court the proper forum to resolve the personal guarantee issue?

## ANALYSIS

■ 1. An appellate court may review an appeal from an order denying a motion for a temporary restraining order. *See Eakman v. Brutger,* 285 N.W.2d 95 (Minn. 1979).

The sole issue on appeal is whether there was a clear abuse of the trial court's discretion. *Id.* at 97. *See Miller v. Foley,* 317 N.W.2d 710 (Minn.1982).

2. Ruling on motions for temporary injunction is largely a matter of judicial discretion; the sole question presented on appeal is whether there was clear abuse of discretion by disregard of facts or applicable equity principles. *Edin v. Jostens, Inc.,* 343 N.W.2d 691, 693 (Minn.Ct.App. 1984). Here, the question is whether the trial court erred in refusing to grant the temporary restraining order that M.G.M. requested.

■ The Minnesota Supreme Court has outlined the factors that must be shown before a temporary injunction may be issued. Those are: (1) the relationship between the parties before the dispute arose; (2) the harm plaintiff may suffer if the injunction is denied, compared to the harm inflicted on defendant if the injunction is granted; (3) the likelihood that the party will prevail on the merits; (4) public policy considerations; and (5) administrative burdens imposed on the court if the injunction issues. *Dahlberg Brothers, Inc. v. Ford Motor Co.,* 272 Minn. 264, 274–75, 137 N.W.2d 314, 321–22 (1965). This analysis applies equally to temporary restraining orders. *See Eakman.*

■ Unfortunately, the trial court's memo does not indicate that this analysis was made. The trial court indicated that it had only considered the public policy factor. This was error.

However, since we believe the Bankruptcy Court is the proper forum for determination of the guarantee issue, we reverse and remand to the trial court with instructions to refer the guarantee issue to the Bankruptcy Court.

■ 3. The Bankruptcy Reform Act arms bankruptcy courts with broad powers, analogous to those of a court of equity, to protect the estate. Once jurisdiction is established, the court is authorized to issue any order, process or judgment necessary or appropriate to carry out the provisions of the title. This provision includes the authority to enjoin litigants from pursuing actions pending in other courts which threaten the integrity of a bankrupt's estate. *In re Davis,* 730 F.2d 176, 183–84 (5th Cir.1984).

■ This jurisdiction is broad and plenary and cannot be infringed upon by proceedings in another court. *In re Chicago, Milwaukee, St. Paul and Pacific Railroad Co.,* 738 F.2d 209, 211 (7th Cir.1984).

■ Chapter 11 of the Bankruptcy Code, unlike Chapter 13, contains no provision which permits injunctive relief to protect co-debtors not involved in any case pending under the Code. However, under special circumstances non-debtors or co-debtors may be protected temporarily if such protection is essential to the rehabilitation of the debtor. *Matter of St. Petersburg Hotel Associates, Limited v. Royal Trust Bank of St. Petersburg,* 37 B.R. 380, 381 (M.D.Fla.1984).

■ We do not have the record of the Bankruptcy Court proceedings before us. However, we assume the question of the respondents' personal guarantee not to run a liquor store was not before that court. That tribunal is the appropriate forum to decide if the sole owners and shareholders of M.D.L. are closely enough tied to the rehabilitation of the corporation that a protective order covering the owners should issue. Therefore, we reverse and remand to the trial court, with instructions to refer

the guarantee issue to the Bankruptcy Court for determination.

## DECISION

We reverse and remand to the trial court, with instructions to refer the issue of the respondents' personal guarantee to the Bankruptcy Court for determination.