*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1276
A15-1277**

Jay Thomas Nygard, petitioner,
Appellant (A15-1276),
Kendall Mae Nygard, petitioner,
Appellant (A15-1277),

vs.

Dennis S. Walsh,
Respondent

**Filed February 16, 2016
Affirmed
Stauber, Judge**

Hennepin County District Court
File Nos. 27CV1513586; 27CV1513587

Erick G. Kaardal, Mohrman, Kaardal & Erickson, P.A., Minneapolis, Minnesota (for appellants)

William L. Davidson, Eric Steinhoff, Peter D. Stiteler, Lind, Jensen, Sullivan & Peterson, P.A., Minneapolis, Minnesota (for respondent)

Considered and decided by Connolly, Presiding Judge; Stauber, Judge; and Bjorkman, Judge.

**U N P U B L I S H E D   O P I N I O N**

**STAUBER**, Judge

Appellants, husband and wife, challenge district court orders dismissing their petitions seeking ex parte harassment restraining orders (HRO) against a neighbor,

arguing that they are entitled to a hearing under Minn. Stat. § 609.748 (2014) and due-process guarantees. Because appellants' due-process rights were vindicated and because appellants have not alleged sufficient facts to support a prima facie case for issuance of an HRO, we affirm.

## FACTS

In these consolidated appeals, appellants Jay and Kendall Nygard challenge two district court orders dismissing their individual HRO petitions against respondent Dennis Walsh. This is one of several cases that appellant Jay Nygard has initiated against his neighbors.[1]

Appellants allege nearly identical facts that occurred over a four-year period to support their petitions. They assert that in 2012, respondent, who lives 0.1 miles from appellants, "monitor[ed] the activities" of appellants' family, "stood in front of our house and [verbally] threatened each member of our family," photographed and filmed Jay Nygard as he installed a "flagpole" on his property, and verbally taunted their disabled son, causing the son to have seizures in response to the stress. Also in 2012, respondent allegedly "threatened to go after [Kendall Nygard] at her place of employment, our daughter at her school, and . . . the mortgage on our house." And further in 2012, respondent allegedly stopped his vehicle abruptly in an attempt to have Jay Nygard strike respondent's vehicle with his "family heirloom automobile."

---

[1] *See, e.g., Nygard v. Rogers*, No. A14-2175, (Minn. App. Nov. 16, 2015); *Nygard v. Walsh*, No. A15-0272, (Minn. App. Nov. 9, 2015); *Nygard v. Walsh*, No. A14-0011, (Minn. App. Dec. 22, 2014); *Nygard v. Walsh*, No. A13-1103, (Minn. App. Feb. 3, 2014), *review denied* (Minn. Sept. 24, 2014).

Appellants also assert that on three or four occasions in 2013 through 2015, respondent photographed or filmed their property. In another section of Jay Nygard's petition, he alleges that respondent photographed appellants' property twice in a three-month period in 2015. Finally, Jay Nygard asserts that respondent told him that he would "not stop until you (Jay Nygard, petitioner) are gone." Appellants' petitions requested a court hearing if the district "court finds there is no immediate and present danger of harassment." The petitions note that police were called several times during the alleged harassment but took no action regarding their complaints.

In orders filed August 6, 2015, the district court denied the parties' HRO petitions, dismissing them without a hearing on the ground that they lack merit. These appeals followed, and during their pendency this court ordered the appeals consolidated.

## D E C I S I O N

"An appellate court may review an appeal from an order denying a motion for a temporary restraining order." *M.G.M. Liquor Warehouse Intern., Inc. v. Forsland*, 371 N.W.2d 75, 77 (Minn. App. 1985). An HRO should not issue if there is insufficient evidence to support it. *Kush v. Mathison*, 683 N.W.2d 841, 844 (Minn. App. 2004), *review denied* (Minn. Sept. 29, 2004). Under general legal principles, a district court must dismiss a complaint when "it appears to a certainty that no facts, which could be introduced . . . exist which would support granting the relief demanded." *Northern States Power Co. v. Franklin*, 265 Minn. 391, 395, 122 N.W.2d 26, 29 (1963); *cf.* Minn. R. Civ. P. 12.02(e). When a district court summarily dismisses an action, this court gives de novo review to the question of whether the claim is legally sufficient to support the relief

requested. *Bodah v. Lakeville Motor Express, Inc.*, 663 N.W.2d 550, 553 (Minn. 2003) (stating that a district court's decision that a claim is legally insufficient to grant relief is subject to de novo review); *Frost-Benco Elec. Ass'n v. Minn. Pub. Utils. Comm'n*, 358 N.W.2d 639, 642 (Minn. 1984) (stating that "an appellate court need not give deference to a [district] court's decision on a legal issue"); *Elzie v. Comm'r of Pub. Safety*, 298 N.W.2d 29, 32 (Minn. 1980) (stating that the standard of review on a motion for dismissal is whether the complaint sets forth a legally sufficient claim for relief).

A district court may issue an HRO if it finds "that there are reasonable grounds to believe that [an individual] has engaged in harassment." Minn. Stat. § 609.748, subd. 5(b)(3) (2014). The petitioner bears the burden of proof to establish grounds for issuance of an HRO. *See C.O. v. Doe*, 757 N.W.2d 343, 352 (Minn. 2008) (stating that when a statute does not specify the burden of proof as between the parties, "[t]he general rule is that the burden of proof rests on the party seeking to benefit from a statutory provision"). Harassment is defined to include

> [A] single incident of physical or sexual assault or repeated incidents of intrusive or unwanted acts, words, or gestures that have a substantial adverse effect or are intended to have a substantial adverse effect on the safety, security, or privacy of another, regardless of the relationship between the actor and the intended target[.]

Minn. Stat. § 609.748, subd. 1(a)(1)(2014). "[I]nappropriate or argumentative statements alone cannot be considered harassment." *Kush*, 683 N.W.2d at 844. A hearing is generally held when a petitioner has filed a colorable petition seeking an HRO, but

4

"[n]othing in [the statute] shall be construed as requiring a hearing on a matter that has no merit." Minn. Stat. § 609.748, subd. 3(a) (2014).

Most of respondent's alleged conduct occurred in 2012, and we agree with the district court's implicit conclusion that the 2012 allegations do not demonstrate the requisite immediacy necessary to support further inquiry into whether an HRO should issue. With regard to the remaining allegations of conduct that occurred between 2013 and 2015, they include, at best, only three or four alleged incidents of respondent taking photos of a flagpole, other neighbors' property or the street, and one verbal interaction that cannot be construed as more than mere inappropriate or argumentative statements that do not meet the statutory definition of harassment. This conduct, as a matter of law, does not exemplify conduct that affected appellants' "safety, security, or privacy." *See* Minn. Stat. § 609.748, subd. 1(a)(1). In addition, the HRO statute requires a "substantial" adverse effect to the petitioner, and appellants have not have alleged facts that are sufficient to show a "substantial adverse effect." *See Washek v. New Dimensions Home Health*, 828 N.W.2d 732, 737 n.2 (Minn. 2013) (requiring that interpretation of a statute "harmonize all its parts and, whenever possible, no word, phrase or sentence should be deemed superfluous, void or insignificant").

As to appellants' due-process argument, "the basic requisites of due process [are] notice and the opportunity to be heard." *Sawh v. City of Lino Lakes*, 823 N.W.2d 627, 635 (Minn. 2012) (quotation omitted). The district court did not hold a hearing or make factual findings before summarily dismissing the HRO petitions. Appellants strongly argue that the HRO statute mandates a hearing on the petitions, but they ignore the

5

statutory provision in section 609.748, subdivision 3(a), that specifically authorizes the district court to summarily dismiss a petition "that has no merit." Even if all of the allegations contained in appellants' petitions are true and all factual inferences resolved in their favor, we agree with the district court that the petitions are factually insufficient to support issuance of an HRO.

**Affirmed.**